## Paul Bristol v. Charles J. Schwolow

( 170 A.2d 639 )

March Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 2, 1961

*Parker & Ainsworth* for the defendant.

**Barney, J.**   This suit was commenced in regular form by service of process and timely appearance by both sides.   On July 11, 1960, judgment for $300.00 in favor of the plaintiff was entered by Windsor County Court in response to a motion setting forth the following:

"                              (heading omitted)
MOTION FOR JUDGMENT FOR PLAINTIFF

TO THE WINDSOR COUNTY COURT WITHIN AND FOR THE COUNTY OF WINDSOR:

Now comes Paul Bristol in the above captioned cause, by his attorney, John A. Lowery, and shows to This Honorable Court:

"1. In a trial by jury before This Honorable Court heretofore had between the Defendants herein, Charles Schwolow and Betty Schwolow and B. Scott Morrill and Maude H. Morrill, Windsor County Court Docket No. 2668, the jury returned a verdict for the Plaintiffs and a special verdict of $300.00 as the value of the hay involved in the trial in the above captioned cause. As a part of the charge to the jury the Presiding Judge, Natt L. Divoll, Jr., in the trial of Schwolow vs. Morrill, charged the jury as follows:

'In respect to the hay, it is requested that I point out to you that the plaintiffs used this hay and they should not recover the value of it, and also for the use of it. I can only say in respect to that, that we have, as we all know, a pending suit against the Schwolows for the hay and if you find the hay was included in this sale, then Mr. Schwolow . . . or Mr. and Mrs. Schwolow, having used the hay, will have to pay the plaintiff in the other case for the hay; so that, in effect, while they are getting the benefit, if you so find, from Mr. Morrill in this case they, in turn, will have to pay the benefit back in the other case, and incidentally, that is the reason we are specifically asking you to determine, if you decide the hay is included in the sale, the value of it. Is that all right, Mr. Lowery?'

2. In the case of Schwolow vs. Morrill there was a Plaintiff's verdict in the amount of $1,243.09, including a special verdict of $300.00 for the hay in question.

3. Thereafter, by Motion for Judgment dated 29 January 1958, the Plaintiff in this cause, Paul Bristol, moved for judgment against the Defendants herein in the amount of $300.00 plus costs and interest. This motion was granted with exceptions to the Defendants and thereafter stricken.

4. Thereafter and on to wit: the 5th day of March 1958, in the case of Schwolow vs. Morrill the firm of Black, Plante & Ellison, representing the Defendants, B. Scott Morrill and Maude H. Morrill, excepted to the entering of judgment on the verdict in that case and thereafter in the Vermont Supreme Court, September Term 1958, these exceptions were waived and judgment for the Plaintiff, Schwolow affirmed.

5. The Plaintiff herein, therefore, avers and alleges that although the doctrine of res adjudicata may not be applicable here,

nevertheless the Defendants herein, by taking judgment against B. Scott Morrill and Maude H. Morrill in the amount of $1,243.09 as aforesaid, including $300.00 special verdict, have admitted and cannot deny that they are indebted to the Plaintiff herein in the amount of THREE HUNDRED ($300.00) DOLLARS as damages.

Wherefore, it is prayed that This Honorable Court grant Judgment For The Plaintiff in the amount of $300.00 plus interest and just costs.

Dated at Rockingham in the County of Windham and State of Vermont this 10th day of June, A.D., 1960.

PAUL BRISTOL
By: John A. Lowery, His Attorney"

█ Nothing by way of proceedings for establishing the facts of this controversy as between the parties now before us has ever been held. The defendant therefore protests that judgment was awarded against him without hearing or opportunity to present evidence when he was not in default and had not agreed to the facts. His position is sustained by the record. The failure to accord the defendant his constitutional right to be heard requires that we vacate as unsupported this judgment order. This we now do.

█ Coupled with his exceptions to the rendition of the judgment the defendant brings here the issue of disqualifying bias based on the denial of a motion to that effect made below. The request to have the presiding judge disqualify himself was grounded on this same entry of judgment without hearing, asserting, among other things, that it was an abuse of discretion so arbitrary as to amount to a demonstration of bias, prejudice and prejudgment. Unfortunately, the plaintiff, in whose favor the court below ruled, has not seen fit to appear in this Court to defend by argument or brief either the judgment entry or the propriety of the proceedings. Such a default in no way limits the inherent authority of this Court to examine and review for propriety judicial actions called into question.

In the case at hand the facts reveal the defendant's motion for disqualification to be ill-founded. Neither the plaintiff's motion for judgment nor the defendant's presentation make mention of one circumstance disclosed by the docket entries which suggests the

reasoning behind the granting of the motion for judgment previously quoted. As its content indicates, it had been preceded by a similar motion and affirmative ruling later stricken. The docket entries provide more details.

Following the granting of this plaintiff's first motion for judgment on February 4, 1958, the docket entries for 1958 are as follows:

"February 24, 1958—Defendant's exceptions waived. Execution to issue when judgment in No. 2668—Schwolow vs. Morrill is satisfied.

"March 21, 1958—Exceptions having been filed in case No. 2668—Schwolow vs. Morrill, the judgment entries of February 4th and February 24th, 1958, are stricken."

A certified copy of the docket entries in Schwolow v. Morrill, docket number 2668, have been incorporated in the file of the present case. On September 5, 1958, we find the entry, "Exceptions waived and judgment affirmed." This is followed by a stipulated entry of February 25, 1959, stating, "Judgment satisfied."

Although incorrect in law, it is apparent there was room for a conclusion that when the appeal was not prosecuted and it was stipulated that judgment was satisfied, the parties reverted to their situation where defendant had, as indicated, waived all exceptions to the judgment order. Although such an attitude fails to take into account the conditional nature of the original waiver and the full effect of the striking of the judgment entry, it does not reach the status of judicial bias.

■ In this light the issues raised by the exceptions to the motion for disqualification do not turn on wilful partianship but rather on a misapprehension of the effect of a jury decision on issues common to persons not parties in that proceeding. The circumstances do disclose on the part of the trier a disposition to accept as determinative the special jury verdict in a matter foreign to the present adjudication. Inasmuch as that disposition has been shown to be present previously, whatever may be the situation henceforth, due regard for the preservation of the impartiality of the tribunal suggests that this presiding judge, as a matter of discretion, disqualify himself should this matter come before him again. *Ricci* v. *Bove's Admr.,* 116 Vt. 406, 413, 78 A.2d 13.

*The judgment in favor of the plaintiff is set aside and the cause is remanded, with costs to the defendant.*