## In re Richard L. Morrill

[282 A.2d 811]

No. 84-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Patrick J. Leahy,* State's Attorney, and *William O. Wuester,* Deputy State's Attorney, for the State.

*John W. Brockway* and *Frederick M. Niland,* White River Junction, for Defendant.

**Shangraw, J.** This is a petition for review of a sentence, brought under the post-conviction relief statute, 13 V.S.A. § 7131. Relief was denied below and petitioner, Richard L. Morrill, has appealed to this Court under the provisions of 13 V.S.A. § 7135.

On November 2, 1967, the petitioner, age 36, was convicted by a jury in the Chittenden County Court of the crime of statutory rape and sentenced to be confined in the state prison in Windsor, Vermont, at hard labor for a period of not less than fifteen, or more than twenty years. This sentence was recommended by the state's attorney.

The statute, 13 V.S.A. § 3201, under which sentence was imposed, provides for a maximum imprisonment in the state prison of not more than twenty years or fined not more than $2,000.00, or both. A related statute, 13 V.S.A. § 7031, as it existed at the time petitioner was sentenced, required that the court establish a maximum and minimum term of sentence unless definitely fixed by statute.

On appeal to this Court from the conviction, the judgment of the lower court was affirmed. State v. Morrill, 127 Vt. 506, 253 A.2d 142 (1969).

By way of further background to these proceedings, this petition for a review of the sentence was filed on November 3, 1969. On November 5, 1969, it was denied by the Chittenden County Court, without a hearing, upon the ground that the files and records conclusively show that the petitioner was not entitled to the requested relief.

By a motion dated November 10, 1969, the defendant requested that the files and records, such as the presentence report, be made available for examination. This motion was disposed of by the court by a written order stating, "No order is made in connection with said motion in view of the fact that as a matter of law all files and records of the Chittenden County Court, except as otherwise ordered, are open to examination by the parties thereto."

The petitioner appealed to this Court from the order of November 5, 1969, denying the petition to review the sentence. On April 13, 1970, this Court reversed the order of denial pro forma, with a mandate for appropriate proceedings under 28 V.S.A. § 1003. This section, as applied here, relates to the availability of the presentence report to the petitioner or his attorney. Subsequent to the taking of the appeal, petitioner's counsel was afforded access to this report.

The petition sets forth the following grounds for a review and reduction of his sentence.

"(1) The sentence imposed is the maximum allowed by the Statute, despite the fact that the Respondent had no previous record of convictions except for minor motor vehicle violations.

(2) The Pre-Sentence Investigation disclosed two prior complaints of a similar nature against two women over the age of sixteen. These complaints were *nolle prosequi*, but it is the Respondent's contention that these complaints were considered in the pre-sentence investigation and as a result, two (2) *nolle prosequi* complaints had the same force and effect as convictions in determining the imposition of the maximum sentence. As a result, the Respondent's constitutional guarantee of due process of law under the 5th and 14th Amendment to the United States Constitution was infringed.

(3) Other respondents who have been convicted of the same offense more often than not have received lesser sentences, even when such cases show a record of prior convictions and therefore, the Respondent contends that his constitutional right to equal protection of the laws under the 14th Amendment to the United States Constitution has been violated.

(4) The Respondent has been confined to the State Prison at Windsor for approximately two (2) years. During this time he has been a model prisoner with an excellent disciplinary record, and prison officials have seen fit to make the Respondent a Trustee.

(5) The Respondent is a skilled cabinet maker by occupation and therefore, capable of being a genuinely rehabilitated, productive member of society."

The statute, 13 V.S.A. § 7131, *supra*, under which this petition is brought reads:

"A prisoner who is in custody under sentence of a court and claims the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or of the state of Vermont, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

to collateral attack, may at any time move the county court of the county where the sentence was imposed to vacate, set aside or correct the sentence. However, the superior or district judge who presided when the original sentence was imposed shall not hear the application."

The following section, 13 V.S.A. § 7132, states that "The motion may be informal, but shall identify the offense, the date of sentencing, and the alleged violation or defect in the sentence."

A further related section of the statute, 13 V.S.A. § 7133, provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the state's attorney and attorney general, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . . If the court finds that the judgment was made without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to make the judgment vulnerable to collateral attack, it shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

The counterpart of sections, 13 V.S.A. §§ 7131 and 7133, *supra,* is found in 28 U.S.C.A. § 2255.

Just prior to the imposition of sentence the trial court stated:

"We are particularly concerned and interested here in regard to this Respondent's record which always must be taken into consideration in imposing sentence, and we note that this record dates back to 12 July 1949, and involved a hit and run and driving while license was suspended, three breaches of peace, another suspension, violation of a City ordinance, disorderly conduct, and it goes on in considerable extent, informing the Court of this Respondent's activities with other women, a twenty-

one year old girl, Cynthia May Muir, and another twenty year old girl who was mentally retarded. According to her complaint, he made two attempts to assault her. Neither case was prosecuted, but it points up to the Court and corroborates to some extent the remarks that appeared in evidence that were made by the Respondent while he was at the Champlain House in Phillipsburg."

The main thrust of petitioner's contention before this Court is that a hearing on his petition for a review of the sentence was improperly denied. In paragraph 2 of the petition it is generally alleged that the presentence investigation report disclosed two prior complaints of a similar nature against two women over the age of sixteen. These complaints were *nolle prosequi*. Notwithstanding this fact, it is the petitioner's contention that each of the two complaints were considered by the sentencing court with the same force and effect as if convictions had resulted in imposing the maximum sentence in the case now considered. As a result, it is urged that the petitioner's constitutional right of due process of law under the 5th and 14th Amendments to the United States Constitution was violated.

Petitioner's contention is not on firm ground. True it is that the sentencing court referred to the two prior sexual assaults; however, specific reference was made by the court that in both instances there was an entry of *nolle prosequi*. In this light it must be presumed that the two above referred to incidents did not improperly contribute to the sentence imposed by the court. Furthermore, at the time of sentence the petitioner raised no question concerning the correctness of the trial judge's remarks.

Moreover, in addition to prior convictions, a sentencing court may generally take into consideration other offenses committed by the accused. 21 Am.Jur.2d *Criminal Law* § 585. Justice generally requires consideration of more than the particular acts by which the crime was committed, and there may be taken into account the circumstances of the offense together with the character and propensities of the offender. *Pennsylvania* v. *Ashe,* 302. U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937).

The knowledge of the life of a man, his background, his family; his past conduct, record and inclinations, is the only proper basis for the determination as to his sentence or treatment. In the case of *United States* v. *Lewis*, 392 F.2d 440 (4th Cir. 1968), it was held that where a sentence is within the limit set by statute, a reviewing court is barred, except in most exceptional circumstances, from any inquiry it might otherwise be inclined to make.

The presentence investigation report was before the trial court at the time sentence was imposed. It was also a part of the file and records in the case at the time a hearing on the petition for a review of the sentence was denied on November 5, 1969. In its order of denial, the court in part stated:

> "We have reviewed the presentence investigation report, and the other files and records in this case. While that report does refer to the two complaints of similar acts, as alleged by the petitioner, it is made explicit in the report that the complaints were in fact not prosecuted, and it in no way appears that the sentencing Court could have been misled in any way with respect thereto. It is also conclusively apparent from the record and files that the other allegations of the Petitioner could entitle him to no relief."

The United States Supreme Court in *Williams* v. *New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), held that the sentencing judge is not restricted by the due process clause of the Fourteenth Amendment of the Constitution of the United States from considering information obtained through the probation department from witnesses with whom the accused had not been confronted. At 337 U.S. at 249–50 of the opinion it was therein stated: "To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted through the nation after careful consideration and experimentation."

In *Specht* v. *Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed. 2d 326 (1967), which dealt with the Sexual Offenders Act, the court expressly approved the *Williams* case, *supra*.

■ Without a detailed review of the record, it is sufficient to say that it demonstrates a premeditated and planned rape on a female child, age 11 years, resulting in physical injury to the victim. The presentence report reveals no remorse on the part of the petitioner, and further that he does not display any potential for successful rehabilitation under probation supervision. To say the least, the circumstances surrounding the offense were sufficiently revolting and distressing as to leave no room on the part of this Court to disturb the ruling of the court below denying the petition without a hearing thereon. The record supports its action. Due process has not been denied the petitioner.

*Order denying the petition for a review of the sentence is affirmed.*