## Bert Robinson, Harland Shapiro and George Vakalis v. Town of Rockingham

[316 A.2d 525]

No. 91-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Natt L. Divoll, Jr., Esq.*, Bellows Falls, for Plaintiffs.

*Albert T. Bolles, Esq.*, Bellows Falls, for Defendant.

**Barney, J.** This is a property tax appeal. The county court, under 32 V.S.A. § 4467, reduced the appraisal from $40,000 to $12,000. The town has appealed.

The property is adjacent to an Interstate 91 interchange, with frontage on Vt. Route 103. The owner acquired the land, 11 acres in extent, in 1969 for a purchase price of $45,000. The listers of Rockingham found its fair market value to be $40,000 for listing purposes. The board of civil authority upheld this valuation. There have been no improvements on the property.

At the county court hearing oral testimony was given as to comparable properties in the immediate neighborhood. These lands were all shown to have a market value of more than $3,000 an acre or better.

Under the requirements of 32 V.S.A. § 4467, the trial court's duty was to set the property in the list at a value corresponding to the listed value of comparable properties within the town. The plaintiff taxpayer argues that the properties were not comparable, for various reasons relating to terrain, access and zoning restrictions. Further he says that since his expert gave testimony that the property was worth $500 an acre for a total value of $5500, the decision of the trial court is fully supportable.

The disturbing element in this case is a circumstance complained of by the defendant. It appears from the testimony itself that the trial court brought into the case considerations not in evidence before it, but imported from testimony in other cases, or from other sources. This is, of course, improper and carries a presumption of prejudice. See *Bristol* v. *Schwolow,* 122 Vt. 311, 313, 170 A.2d 639 (1961), and *Siebert* v. *Siebert,* 124 Vt. 187, 191–92, 200 A.2d 258 (1964). On this account alone the judgment must be set aside and the matter remanded for a new hearing. This result is not tempered in the slightest by the claim, even if true, that the court used such extraneous matter solely on the issue of credibility.

On rehearing, it may well be developed that the challenged valuation of the listers may have justifiable grounds for amendment or reduction. That is a question for the trial court, following the mandate of the statute, but not to be resolved by resort to matters improperly in the case.

*The judgment below is stricken and the cause is remanded for a new hearing.*