## Kenneth R. Baird v. Nena B. Eldredge

[326 A.2d 171]

No. 220-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 1, 1974

*Theriault & Joslin,* Montpelier, for Plaintiff.

*Hiram S. Hunn, Esq.,* Plainfield, for Defendant.

**Per Curiam.** This is a suit by the plaintiff, a building contractor, to recover a balance due under a contract made with the defendant's now-deceased husband. The application of the Statute of Limitations, the Statute of Frauds, novation, agency, and the application of the Dead Man's Statute, 12 V.S.A. § 1602, are all presented as issues.

Unfortunately, we are also confronted by an incomplete hearing, much as in *Bristol* v. *Schwolow*, 122 Vt. 311, 313, 170 A.2d 639 (1961). This defendant, through no fault on her part, was given no opportunity to present any evidence in her own behalf, either personally or through witnesses.

The hearing began as a pretrial conference. The plaintiff was sworn and put on the stand. It is evident that during the inquiry the trial court became convinced that the only disputed issues were legal. Important findings of fact were made that had no basis other than argumentative assertions of counsel. There was no agreed statement of facts. Since the hearing was incomplete and findings made without evidentiary support, the findings of fact, conclusions of law, and judgment must all be stricken. The difficulties in the case having arisen from no action of the plaintiff, in fairness to both parties, the cause must be returned below for a full hearing.

*Findings of fact, conclusions of law, and judgment are stricken, and the cause is remanded for rehearing.*