Ronald R. V. CUMBER, Plaintiff and Appellee,

v.

Guillerma G. CUMBER, Defendant and Appellant.

Civ. No. 10225.

Supreme Court of North Dakota.

Nov. 15, 1982.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for plaintiff and appellee; no appearance.

Garaas Law Firm, Fargo, for defendant and appellant; argued by David Garaas, Fargo.

PEDERSON, Justice.

Guillerma and Ronald Cumber were divorced by a decree of the district court of Stutsman County. A document labeled "judgment" directed that their house be placed on the market and sold. The house was to be moved upon its sale because it was located on land owned by Ronald's father. After considering appraisals submitted by both parties, the court found that the fair market value of the house was $28,000. That finding was erroneously la-

beled "Conclusion of Law XII," and was inserted verbatim in the "judgment". The "judgment" also provided that the $28,000, or any higher amount received, was to be divided equally between Guillerma and Ronald. The court required the parties to attempt to sell the house within 90 days and specifically further provided that:

"If the house is not saleable, the Court will hold an addition[al] hearing to determine the method in which said monies can be realized and divided from the value of said house."

The house remained on the market for approximately 15 months before Ronald received an offer. When he was offered $22,-000 for the house, Ronald entered into an Earnest Money Agreement with the buyers and asked the court to decrease the fair market value of the house from $28,000 to $22,000. The court thereupon "ordered, adjudged, and decreed" that the house be sold for $22,000. Guillerma appeals from this order, asserting that the court lacked jurisdiction because any order made subsequent to a final judgment is void unless made within the time periods and in the manner authorized by the Rules of Civil Procedure. Ronald argues that the court had continuing jurisdiction and did not err in reevaluating the fair market value of the house.

The purpose of a judgment is to dispose of all issues before the court and to fix the rights and duties of the parties. *Hospital Services, Inc. v. Brackey,* 283 N.W.2d 174, 177 (N.D.1979). A judgment must be based on the record, *Bristol v. Schwolow,* 122 Vt. 311, 170 A.2d 639, 640 (1961), and the court should state the legal grounds for its judgment. *Rahlves & Rahlves, Inc. v. Ambort,* 118 Cal.App.2d 465, 258 P.2d 18, 25, 35 Cal.Rptr. 289 (1953). The reasons assigned by the court for its judgment, however, do not constitute a part of the judgment. The judgment should be limited to determining the issues presented; adding surplusage only creates confusion as it has in this case.

Under the circumstances of this case, where the house was directed to be sold, as distinguished from being awarded to Guil-lerma or Ronald, there was less need than usual for a finding of its market value. We are not overlooking Rule 8.3, NDROC, nor what we have said in *Eberhart v. Eberhart,* 301 N.W.2d 137, 143 (N.D.1981); *Hoge v. Hoge,* 281 N.W.2d 557, 561 (N.D.1979); and several other cases about the significance of property values to a determination of equitable division. A directive to sell marital property raises peculiar problems which demand that a sufficient control be exercised by the trial court to prevent manipulations. See *Geigle v. Geigle,* 264 N.W.2d 888 (N.D. 1978).

Generally, a judgment on the merits of a dispute, after becoming final, should be set aside only under Rules 59 or 60, NDRCivP. Once the judgment is final, ordinarily the burden is on the movant to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fruad, misrepresentation, or misconduct. *Gajewski v. Bratcher,* 240 N.W.2d 871, 886 (N.D.1976). A motion to set aside a judgment must be made within a reasonable time, and for mistake, newly discovered evidence, or fraud, not more than one year after the judgment was entered. Rule 60(b), NDRCivP. After a trial to the court, the judgment can be vacated and made to conform to amended findings of fact not later than 10 days after notice of entry of judgment. Rule 59(j), NDRCivP.

The "judgment" in this case contained a provision that the court retained jurisdiction to determine how the parties could realize the equity in the house. The effect of that provision is to prevent the judgment from becoming final. Interlocutory orders of any kind are ordinarily subject to reconsideration and change without the restrictions applicable to reconsideration and changes in "final" judgments.

The determination of the value of marital property is a matter properly treated as a finding of fact. Improper labels are not binding on appeal. Interlocutory determinations are not final, even though they may be labeled "judgments."

The findings of fact as to valuation and distribution of the property are supported by substantial evidence. They are not clearly erroneous. Rule 52(a), NDRCivP. Although the labels are wrong and misleading, no prejudice resulted and no purpose would be served in remanding for correction. The rules applicable to amendments of final judgments do not apply to this case.

The document which "ordered, adjudged, and decreed" that the house be sold for $22,000 is clearly a "final judgment" and is affirmed. No costs are allowed on appeal.

ERICKSTAD, C.J., and VANDE WALLE, SAND, JJ., and GERALD G. GLASER, District Judge, concur.

GLASER, D.J., sitting in place of PAULSON, J., disqualified.