### In re Norman Stevens

[497 A.2d 744]

No. 82-223

Present: **Hill, Underwood and Peck, JJ., Keyser, J. (Ret.) and Daley, J. (Ret.), Specially Assigned**

Opinion Filed May 24, 1985

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Petitioner-Appellant.

*Karen Shingler*, Deputy State's Attorney, Burlington, for Respondent-Appellee.

**Daley, J.** (Ret.), Specially Assigned. This is an appeal from a January 13, 1982, order of the Chittenden Superior Court, denying the defendant's petition for post-conviction relief pursuant to 13 V.S.A. § 7131. The defendant sought relief from a judgment of guilty of aggravated assault, and from a sentence allegedly imposed in reliance upon improper material. The judgment was the result of a guilty plea following negotiations between the defendant and the prosecutor in which the State dismissed another charge pending, reckless endangerment, 13 V.S.A. § 1025. The defendant was sentenced to not less than six nor more than ten years imprisonment.

The defendant raised six arguments in his petition for post-conviction relief. The petition was denied on all the arguments, and the defendant appeals to this Court on two theories; the others will not be discussed since they are waived. *State* v. *Settle*, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982). The defendant argues that the superior court erred in denying his post-conviction relief

petition because (1) the information did not allege an essential element of the offense of aggravated assault, therefore it was substantially defective and (2) the superior court erred in its conclusion that there were no obvious violations of our holding in *State v. Williams*, 137 Vt. 360, 406 A.2d 375 (1979), *cert. denied*, 444 U.S. 1048 (1980), because the sentencing judge relied on allegations of criminal conduct which were not validated by judgments of conviction.

The information which charged the defendant provided that the defendant, in material part:

> was then and there a person who knowingly attempted to cause or purposely or knowingly cause bodily injury to another . . . all in violation of Title 13, V.S.A. section 1024(a) (2) . . . .

The offense of aggravated assault is defined by 13 V.S.A. § 1024. Subsection (a) (2) provides:

> (a) A person is guilty of aggravated assault if he:
> . . . .
> (2) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon . . . .

The information did not charge "bodily injury to another with a deadly weapon," which is an essential element of aggravated assault. An affidavit of probable cause, by the police officer called to the scene, accompanied the information as required by V.R.Cr.P. 4 and 5. That affidavit contained numerous references to a gun the defendant allegedly used in the assault, as well as the affiant's statement that he believed there was probable cause to charge the defendant with aggravated assault. More of the facts will be discussed as they relate to each claim.

I.

The defendant's first argument is that the information was substantially defective because it failed to allege an essential element of aggravated assault, namely, bodily injury to another with a deadly weapon. Because of this omission, the defendant argued in his petition for post-conviction relief that the information only charged him with simple assault, and therefore that his sentence of not less than six nor more than ten years is in excess of the

statutory maximum for simple assault. The superior court addressed this issue by concluding the deficiency should have been challenged by motion during the preliminary proceedings under V.R.Cr.P. 12(b)(2), and by failing to do so the defendant waived his right to attack the sufficiency of the information. The court further concluded that even if a timely objection to the information had been raised, the defendant did not show any resulting prejudice, and in fact the superior court found the defendant was not prejudiced by the defect in the information. We agree.

■■ Pursuant to V.R.Cr.P 12(b)(2), defects in the information, other than jurisdictional defects or a failure to charge an offense, are waived if not objected to in the preliminary proceedings. However, the sufficiency of an information may be challenged any time during the proceedings, V.R.Cr.P. 12(b)(2); *State v. Phillips*, 142 Vt. 283, 290, 455 A.2d 325, 329 (1982). In claiming the information was defective in the post-conviction stage, the defendant had the burden of establishing the claimed infirmity in the conviction by a preponderance of the evidence. *In re Fuller*, 135 Vt. 575, 580, 381 A.2d 1056, 1059 (1977).

Moreover, because this is a post-conviction proceeding, the defendant must also demonstrate that he was prejudiced by the insufficient information. See *In re Hall*, 143 Vt. 590, 595, 469 A.2d 756, 758 (1983) (defendant must show that the exercise of his rights was "hampered or frustrated" by the procedural shortcoming). From the record before the superior court, the determination that the defendant was not prejudiced by exclusion of the element "bodily injury with a deadly weapon" was proper. At all stages of the proceeding, the defendant's attorney dealt with the case as an aggravated assault. All the negotiations with the state's attorney revolved around the offense of aggravated assault. The defendant signed a petition to enter a plea of guilty to aggravated assault. The court which accepted the defendant's plea of guilty and which sentenced the defendant identified the offense as aggravated assault and informed the defendant of the minimum and maximum penalty for aggravated assault. Before the change of plea hearing, the defendant and his attorney discussed the ramifications of pleading to aggravated assault. Thus, there was nothing before the superior court in the post-conviction relief proceeding which showed the defendant was prejudiced by the references to

a deadly weapon only being in the affidavit. Therefore, it was proper to deny the petition on this issue.

## II.

The defendant's second argument is that the superior court erred in its conclusion that there were no obvious *Williams* violations in the sentencing and that the defendant failed in his burden of proof.

The holding in *State* v. *Williams* forbids the sentencing court from being presented with "claim[s] of criminal acts never validated by judgment of conviction." 137 Vt. at 365, 406 A.2d at 377. The defendant received his sentence on January 12, 1978; his petition for post-conviction relief was filed on July 4, 1979, and was denied on January 13, 1982. The *Williams* decision was handed down June 20, 1979. Thus, whatever the law was before *Williams* will control the defendant's case unless retroactive effect is given to *Williams*.

The rule of retroactivity for judicial opinions in criminal cases was enunciated in *State* v. *Shattuck*, 141 Vt. 523, 450 A.2d 1122 (1982). In *Shattuck*, this Court adopted the common law rule that a change in the law will be given effect to pending cases on direct review, if that judicial opinion announces a new rule of law. *Id.* at 529, 450 A.2d at 1125. Although *Shattuck* was decided after the defendant filed his petition for post-conviction relief, by virtue of 1 V.S.A. § 271 the common law rule of retroactivity already had the force of law. That section provides:

> So much of the common law of England as is applicable to the local situation and circumstances and is not repugnant to the constitution or laws shall be laws in this state and courts shall take notice thereof and govern themselves accordingly.

The next inquiry is whether the rule announced in *Williams* was a new rule of law. Defendant argues *Williams* did not announce a new rule, but in fact was predicted by *In re Morrill*, 129 Vt. 460, 282 A.2d 811 (1971), and *Bristol* v. *Schwolow*, 122 Vt. 311, 170 A.2d 639 (1961).

Defendant's reliance on *In re Morrill, supra*, as a forecaster of *Williams* is mistaken. *In re Morrill* specifically states the sentencing court may take "into account the circumstances of the offense

together with the character and propensities of the offender." *Id.* at 464, 282 A.2d at 814-15. This Court went on to stress "[t]he knowledge of the life of a man, his background, his family, his past conduct, record and inclinations, is the only proper basis for the determination as to his sentence or treatment." *Id.* at 465, 282 A.2d at 815. There is nothing in the language of *In re Morrill* to suggest a limitation on the kind of material a judge can properly consider in sentencing. Thus, the rule before *Williams* was not so restricted and *Williams* did announce a new rule.

In the federal jurisdictions, both before and after *State* v. *Williams*, pursuant to 18 U.S.C. § 3577 and F.R.Cr.P. 32(c)(2), a presentence report could include "virtually any information which the sentencing court could find relevant.". 8A Moore's Federal Practice ¶ 32.03[3], at 32-50 (1984). In fact, the United States Supreme Court has stated there are no formal limitations on the contents of a presentence report "and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged." *Gregg* v. *United States*, 394 U.S. 489, 492 (1969). Moreover, the Sixth Circuit has stated that information regarding activities for which there has been no arrest, indictment or conviction "is highly relevant to the sentencing decision." *United States* v. *Hill*, 688 F.2d 18, 20 (6th Cir.), *cert. denied*, 459 U.S. 1074 (1982). Thus, not only did *Williams* depart from Vermont practice, it also departed from the then and still-existing rule in the federal jurisdictions.

The defendant's reliance on *Bristol* v. *Schwolow, supra,* as a forecaster of *Williams* is also mistaken. *Bristol* v. *Schwolow* is a civil case and does not deal with criminal sentencing at all. Thus, the ruling can have no controlling effect in a criminal case.

Because *Williams* did alter what a sentencing court could consider and announced a new rule of law, the holding will only be given effect to cases that were pending on direct appeal at the time of the ruling. Since there was no direct appeal of the defendant's case at the time *Williams* was announced, the ruling does not apply to the defendant's sentencing. Thus, there was no error by the superior court in denying post-conviction relief on this issue.

*Affirmed.*