**Donna BARD, Plaintiff and Appellee,**

v.

**Dean BARD, Defendant and Appellant.**

**Civ. No. 10930.**

Supreme Court of North Dakota.

Jan. 7, 1986.

Rauleigh D. Robinson, Bismarck, for defendant and appellant. Mr. Robinson did not represent the defendant and appellant at the trial level.

Carol Ronning Kapsner (argued), of Kapsner & Smith, Bismarck, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by the defendant-appellant, Dean Bard, from a judgment dated October 19, 1984, and a judgment nunc pro tunc dated December 27, 1984. We affirm and remand with instructions.

Donna Bard and Dean Bard were married December 28, 1958. Dean was twenty-five years of age and Donna was twenty-four years of age at the time they were married.

Dean owned and operated a service station prior to and during the early years of their marriage. In 1962 the service station burned down and Dean enrolled in Bemidji State College in Minnesota. Donna was employed fulltime as a secretary. Upon the completion of college, Dean began law school. After Dean's graduation from law school the family, which now included three children, moved to Bismarck.

Once located in Bismarck, Dean began practicing law, with Donna assisting as a part-time secretary. In 1980 Donna began working fulltime as Dean's secretary and continued to do so until the parties were separated in 1982. The parties reconciled that same year and Donna again worked for Dean on a part-time basis.

Donna commenced the divorce action in May 1983. She requested and received interim support from Dean through a court order. On October 19, 1984, judgment was entered as to the divorce. The judgment included a precise division of property and an award of spousal support.

The trial court awarded Donna the marital home valued at $120,000 and approximately $49,500 in miscellaneous property and cash. She was required to assume the $25,654 balance of the mortgage on the marital home. Donna's award, after the deduction for the balance of the mortgage, is approximately $144,000.

Dean was awarded the remaining property and cash which totaled approximately $214,000. He was required to assume the parties' listed debts, with the exception of the balance of the mortgage on the marital home. These debts totaled approximately $72,000. Dean's award, after deducting the listed debts, is approximately $142,000.

Donna later made a post-judgment motion for a judgment nunc pro tunc requesting "that until the transfer of all assets to which she is entitled, the amended interim order dated February 17, 1984 be reinstated and remain in effect commencing November 1, 1984". Dean did not defend against this motion. The motion was granted by entry of judgment nunc pro tunc on December 27, 1984.

Dean countered with a Rule 60(b), N.D. R.Civ.P., motion, for relief from the judgment nunc pro tunc. His request was denied. This notice of appeal from the original judgment, judgment nunc pro tunc, and all other orders, was filed February 25, 1985.

Initially, we will address Donna's contention that this appeal was not filed timely. Rule 4, N.D.R.App.P., provides that in a civil case appeal must be filed within sixty days of the notice of entry of judgment or of the order to be appealed. Donna argues that due to the prescribed sixty-day period Dean's deadline for appeal was December 18, 1984.

■ Dean contends that the time for appeal of the October 19, 1984, judgment has not yet commenced to run because notice of entry of judgment was not properly served on Dean. The scenario which underlies Dean's contention is as follows. The notice of entry of judgment was sworn to and mailed by "Trudie Lahren". Rule 5(f), N.D.R.Civ.P., provides that proof of service may be made by certificate of an attorney or it must be made by an affidavit of mailing, pursuant to Rule 4, N.D.R. Civ.P. Trudie Lahren is not an attorney of this State, nor is there a proper affidavit of mailing in the record.

Dean's reading of the rules is correct. Further, it is supported by the intent of the drafters of Rule 5(f), N.D.R.Civ.P. Rule 5(f) was specifically added effective July 1, 1981, to allow proof of service to either be accomplished pursuant to Rule 4 or by a certificate of an attorney. The signature of a layperson does not offer the accountability for error which the applicable Rules demand. We therefore conclude that because of this technical breach of the Rules, Dean's appeal is timely.

■ Dean argues that ordering the interim order reinstated by entry of judgment nunc pro tunc was error by the trial court. Dean had notice of the proposed motion for reinstatement of the interim order. He failed to defend the motion in writing or by appearance at the scheduled hearing. It is axiomatic that an issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal from judgment. *See Remmick v. Mills,* 165 N.W.2d 61, 68 (N.D.1968). Dean did not object to the entry of judgment nunc pro tunc at the appropriate level. The lack of objection at trial precludes the trial court and the opposing party from preparing a contrary resolution, i.e., modification. Dean has waived his right to raise this issue on appeal.

The determinations that the appeal is timely and that the judgment nunc pro tunc is valid direct us to the issues of property division and spousal support.

■ The trial court's conclusions on matters of property division and spousal support are to be treated as findings of fact. A finding of fact will not be set aside on review unless it is found to be clearly erroneous. *See* Rule 52(a), N.D.R.Civ.P.

■ Dean contends that the trial court erred in determining that the value of the law practice is $40,000. We have stated that an interest in a law firm includes at a *minimum* the interest in the office equipment, furniture, fixtures, and the accounts receivable. *Fraase v. Fraase,* 315 N.W.2d 271, 275 (N.D.1982).

■ The trial court found that the parties have widely varying opinions as to the value of Dean's law practice, but neither offered hard evidence to support his or her opinion, leaving the trial court with little more than the annual income produced by the practice to indicate its possible value. Donna valued the law practice at $44,000 and Dean valued it at $22,330. The trial court placed a value on the law practice based on the only evidence it had in the record other than the parties' unsubstantiated opinions. The evidence was Dean's testimony as to the following gross and net amounts of income derived from the law practice for the past three years:

| YEAR | GROSS RECEIPT | NET INCOME |
|------|---------------|------------|
| 1981 | $59,000.00 | $28,638.95 |
| 1982 | 71,057.08 | 33,280.90 |
| 1983 | 99,367.99 | 48,881.00 |

The above figures which reflect the annual income of the law practice are the only substantiated evidence the trial court received from the parties. We cannot conclude that the value of $40,000 for the law practice is clearly erroneous.

■ Dean also argues that the trial court erred in ordering that he pay the bills accumulated by the parties during the marriage. The trial court allocated this obligation to Dean as a portion of the property distribution. The findings of a trial court on matters of property distribution will not be set aside unless they are clearly erroneous. Rule 52(a), N.D.R.Civ.P. Whether or not this is error by the trial court is dependent upon whether the "whole" property distribution is equitable. *See Fraase, supra,* 274. The trial court's findings of fact include a detailed list of the marital property, and also includes a similarly detailed listing of the court's determination as to the allocation to each party of each asset and liability. After a review of the record we are not left with a firm and definite conviction that a mistake has been made. We cannot find that the trial court was clearly erroneous when it found Dean responsible for payment of the debts.

■ We next address whether or not the trial court erred in determining the spousal support should be paid at the rate of $1300 per month for 48 months and $800 per month for an additional 48 months. This is a 24-year marriage during which both parties contributed to the education of Dean and the development of his law practice, as well as maintaining the home and raising three children. Donna has expressed a desire to become self-supporting and toward the attainment of that goal she has enrolled in Mary College. She will be 54 years old when she graduates.

The trial court appropriately granted rehabilitative spousal support to encourage and assist in the financing of Donna's education. The trial judge limited Donna's spousal support to 96 months. The rehabilitative spousal support was evidently continued beyond her projected graduation date to allow Donna an opportunity to seek employment and to adjust to her new working situation. In light of the circumstances of this case we cannot find that the awarding of spousal support is clearly erroneous.

Finally, we address the trial court's determination that Dean is to pay Donna's attorney fees. Dean argues that the trial court's award, which reads ". . . Defendant shall assume and pay all other listed debts, including Plaintiff's attorney fees", is an award of an unknown and unlimited amount.

■ The trial court's award of attorney's fees will not be disturbed on appeal unless the party appealing affirmatively establishes that the trial court abused its discretion. *Heller v. Heller,* 367 N.W.2d 179, 184 (N.D. 1985). A trial court abuses its discretion if it misinterprets or misapplies the law. *Heller, supra,* 184. In this case, Dean argues that we cannot find this to be a reasonable fee as we have "no idea what the amount of the fee is". We disagree. Finding of Fact No. XV is a list of the parties' debts. This list includes a debt to Donna's attorney of approximately $2,800.00. We conclude that $2,800.00 is the amount of the debt for attorney fees.

We affirm the original judgment and the judgment nunc pro tunc. Any payments made pursuant to the judgment nunc pro tunc are to be credited towards payments owed by Dean as per the original judgment. However, Dean shall account to Donna for all interest accrued on amounts of money that were to be transferred to Donna pursuant to the original judgment.

We remand to the trial court for determination of the credits due to Dean for payments made. We further instruct the trial court to make a determination as to the accrued interest due to Donna.

Donna has requested attorney fees and costs in conjunction with this appeal, pursuant to Rules 38 and 39, N.D.R.App.P. Based on the record, we do not award attorney fees but do award costs to Donna on appeal.

ERICKSTAD, C.J., MESCHKE, and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, Justice, disqualified.