Janice CHRISTENSEN, Plaintiff
and Appellant,

v.

Robert CHRISTENSEN, Defendant
and Appellee.

Civ. No. 11165.

Supreme Court of North Dakota.

Dec. 16, 1986.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for plaintiff and appellant; argued by Jay H. Fiedler.

Alan J. Larivee, Grand Forks, for defendant and appellee.

GIERKE, Justice.

Janice Christensen appeals from the property distribution and child support provisions contained in the decree granting her a divorce from Robert Christensen. We affirm.

The trial court distributed the marital property equally between the parties, except for one account with a balance of $28,300 which was placed in trust for postsecondary education of the parties' two sons. The trial court ordered Robert to pay child support in the amount of $1500 per month until the older child reaches the age of majority, at which time the amount is to be reduced to $1000 per month until the younger child reaches the age of majority. Robert was also made responsible for one-half of the children's medical, dental, and eye care needs.

On appeal, Janice asserts that the trial court erred: (1) in finding the net value of one bank account to be $20,000; (2) in dividing the parties' joint accounts without consideration of the fact that Robert had withdrawn funds from those accounts to pay maintenance required by an interim order; and (3) in failing to require Robert "to pay child support through the age of twenty-one so as to guarantee the availability of a college education."

■ The determination of the value of marital property is treated as a finding of fact. *Cumber v. Cumber*, 326 N.W.2d 194 (N.D.1982). A trial court's determinations on matters of property division and child support are treated as findings of fact, which will not be set aside on appeal unless they are clearly erroneous. *Jondahl v.*

*Jondahl*, 344 N.W.2d 63 (N.D.1984); *Lapp v. Lapp*, 293 N.W.2d 121 (N.D.1980).

■ The trial court valued a business bank account at $20,000. Janice asserts that the account should have been valued at $61,816.12, as indicated on a bank statement as of May 31, 1985. The account was used to pay expenses incurred in the parties' business. Robert testified that he paid the business bills on a 30–day cycle, generally by the 15th of the following month; that he paid about $40,000 per month out of the business account for operating expenses, generally leaving about $20,000 in the account as a cushion; and that "[i]f you pick out the checkbook on a particular day, customarily you would have ... about $40,000 owing to the people for the course of the business." The trial court's finding that the account's "actual value above accumulated debt is about $20,000" is not clearly erroneous.

■ Janice next asserts that the court erred in dividing the parties' joint accounts without consideration of the fact that Robert had withdrawn funds from those accounts to pay maintenance required by an interim order. Janice asserts that she should have received one-half of the marital property plus an additional amount of money representing that withdrawn from a joint account for payment of interim maintenance. This matter was not raised in the trial court. "It is axiomatic that an issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal from judgment." *Bard v. Bard*, 380 N.W.2d 342, 344 (N.D. 1986). We will, therefore, not address this issue.

■ Janice asserts that the trial court erred in failing to require Robert "to pay child support through the age of twenty-one so as to guarantee the availability of a college education." She requests that the case be remanded "with directions to enter an Order for child support extending through the childrens' twenty-first birthdays." The trial court ordered that child support continue until the children reached

the age of eighteen years. In addition, the trial court ordered that an account containing $28,300 set aside by Robert for the children's education be placed in trust for the benefit of the children for their post-secondary education. While the trust fund may not be sufficient to pay all of the children's college expenses, there was testimony presented which indicates that it will be sufficient to pay a large part of such expenses. We have not been left with a definite and firm conviction that a mistake has been made. The trial court's findings with regard to child support are not clearly erroneous.

■ Janice has alternatively requested that the trial court be directed to "extend child support at least through the completion of the childrens' high school education." Both of the parties' children will reach the age of eighteen years before they complete high school. The matter of extending child support until each child completes high school was not raised in the district court and cannot be raised for the first time on appeal. *Bard v. Bard, supra.*

The decree is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.