In Re: Walter LeClaire, No. S0998-03 CnC (Norton, J., Feb. 11, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                           SUPERIOR COURT
Chittenden County, ss.:                                Docket No. S0998-03 CnC


IN RE WALTER LECLAIRE


ENTRY

This matter concerns a petition for post-conviction review. Petitioner Walter LeClaire is in custody under sentence as a result of his conviction for second-degree murder in the shaking death of a 16-month-old girl. He now claims ineffective assistance of counsel and a violation of his Sixth Amendment right to a trial by jury in his sentencing pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004). The State has filed summary judgment motions on some of LeClaire's ineffective assistance claims and his Blakely claim. In an order dated December 28, 2004, the court denied the State's motion with respect to the ineffective assistance claims. The court reserved judgment, however, on the Blakely claim until both parties could fully brief this issue. Having received LeClaire's response regarding the Blakely claim, the court now grants the State's motion on this claim.

LeClaire was sentenced to life in prison without parole on August 20, 2001. The sentencing court adopted the hearing transcript as its written findings. In announcing its findings, the court followed the statutory scheme for murder penalties. 13 V.S.A. § 2303. This scheme starts with a minimum sentence of 20 years for second-degree murder and allows a sentencing judge to raise the term to life without parole, if aggravating factors outweigh mitigating factors, or lower the term to 10 years, if mitigating factors outweigh aggravating factors. Id. § 2303(b).

The sentencing judge, applying an aggravating factor at § 2303(d)(7), found that the murder was "somewhat arbitrary and random and thus somewhat frightening." The court also applied an aggravating factor at § 2303(d)(5) and found that "the degree of physical force applied [in the murder] is fairly characterized as severe and brutal." The court also determined, under an aggravating factor at § 2303(d)(4), that the victim "was particularly weak, vulnerable and helpless because she was an infant and quite literally didn't have a chance." Finally, the court found that LeClaire's lack of remorse was an additional aggravating factor under § 2303(d)(8), which is a catchall provision allowing the court to consider any other factor the State offers in support of a greater sentence. Because the aggravating factors far outweighed any mitigating factors (the court found none), the court enhanced LeClaire's sentence to life without parole.

LeClaire now argues that this statutory scheme violates Blakely, which the Supreme Court of the United States decided in 2004. Blakely extended the Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), where the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Court defined "statutory maximum" as the maximum sentence permitted with the fact of a conviction alone, rather than the maximum sentence set by statute. 124 S. Ct. at 2537–38. Petitioner argues that because the sentencing judge could not have imposed a sentence of more than 20 years based on the conviction alone and had to find additional, aggravating factors in order to impose a sentence of life without parol, the sentencing scheme violates the Apprendi/Blakely rulings.

The State argues that LeClaire cannot take advantage of Blakely in a post-conviction proceeding because the 2004 ruling is not retroactive to his 2001 conviction, which was affirmed by the Vermont Supreme Court in 2003. State v. LeClaire, 175 Vt. 52 (2003). Thus, the dispositive issue here is whether the Blakely ruling has a retroactive effect in a collateral proceeding such as post-conviction review.

Vermont follows common law rules regarding the retroactivity of judicial decisions.[1] The Vermont Supreme Court has held that where a court decision establishes

---

[1] The parties both submit arguments that cite federal caselaw regarding retroactivity. Much of this authority is inapposite. First of all, several federal court cases addressing the

a "new rule of law," the rule is applicable prospectively and to those cases still pending "where the parties have not yet exhausted all avenues of direct review." State v. Shattuck, 141 Vt. 523, 528–29 (1982). The Court recognized, however, that "extraordinary cases may require full retroactivity," id. at 529–30, which would include collateral review. In State v. Brown, 165 Vt. 79 (1996), for example, the Court held that its ruling in State v. DeRosa, 161 Vt. 78 (1993), which prohibited a trial judge from imposing a conditionally suspended sentence and probation after denying counsel to an indigent defendant, had full retroactive effect. Brown, 165 Vt. at 84. The Court held that the DeRosa ruling was an extraordinary case as its "'major purpose "[was] to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials."'" Id. at 84 (quoting United States v. Johnson, 457 U.S. 537, 544 (1982) (quoting Williams v. United States, 401 U.S. 646, 653 (1971))).

Blakely is unquestionably a new rule. Although the decision applied Apprendi, which pre-dates LeClaire's sentencing, it did so in a manner that significantly expanded Apprendi and could not have been reasonably anticipated. The Apprendi Court addressed a sentencing scheme where one statute prescribed a 10-year maximum sentence for a particular offense and a separate statute provided that the sentencing court could extend a sentence under the first statute by an additional 10 to 20 years if the court found by a preponderance of the evidence that the offense was a hate crime. 530 U.S. at 468–71. The Court in Blakely defined Apprendi's "statutory maximum" in a manner that widely expanded the Apprendi holding, applying the term to any sentencing scheme where a sentencing court enhances a sentence with findings other than those made by a jury beyond reasonable doubt. Blakely, 124 S. Ct. at 2537–38. Plainly, this broad expansion articulates a new rule.  Cf. In re Stevens, 146 Vt. 6, 10–11 (1985) (holding ruling in State v. Williams, 137 Vt. 360 (1979), where Court held that sentencing report could not

retroactivity of Blakely have examined second or successive habeas petitions. E.g., Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). Federal law has specific provisions restricting such petitions in cases regarding new rules. See 28 U.S.C. § 2244(b)(2)(A) (2000); Tyler v. Cain, 533 U.S. 656, 662 (2001). Vermont law does not, and in any event, this is not a second or successive petition for post-conviction review. Secondly, Vermont has not adopted the federal courts' mechanical approach toward determining retroactivity. See Teague v. Lane, 489 U.S. 288, 305–10 (1989). Although some of the Teague analysis of Apprendi and Blakely is helpful in applying Vermont's common law standards, the analysis does not dictate the result here.

3

contain allegations of criminal conduct outside of convicted crimes, was new rule and was not forecasted by prior cases that addressed limitations on sentencing reports).

Blakely does not, however, fall within the rubric of extraordinary cases that require full retroactivity. Unlike the DeRosa ruling that the Vermont Supreme Court addressed in Brown, Blakely does not "overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts." Indeed, Blakely does not concern guilty verdicts. Rather, it merely alters the necessary fact-finder and the burden of proof for certain factors involved in sentencing determinations. For this reason, other courts have found Apprendi and Blakely to be no more than procedural rulings that do not require full retroactive application. See, e.g., Coleman v. United States, 329 F.3d 77, 84–90 (2d Cir. 2003) (holding that Apprendi was procedural rule and that it was not watershed ruling that "'alter[ed] our understanding of the bedrock procedural elements essential to the fairness of [criminal] proceedings'" (quoting Sawyer v. Smith, 497 U.S. 227, 241 (1990)); United States v. Sanders, 247 F.3d 139, 148 (4th Cir. 2001) (same); State v. Petschl, 2004 WL 3131308, *7 (Minn. Ct. App. 2004) (holding that Blakely, like Apprendi, did not improve accuracy of conviction, but merely improved accuracy of sentence, and therefore did not affect accuracy or fairness of trial). Moreover, the Supreme Court of the United States has held that Ring v. Arizona, 536 U.S. 584 (2002), another case extending Apprendi, was not a watershed procedural ruling requiring retroactive application. Shriro v. Summerlin, 124 S. Ct. 2519, 2524–25 (2004).

Accordingly, Blakely applies retroactively only to cases pending on direct review when the Supreme Court of the United States issued its decision. Because LeClaire's direct appeal of his conviction concluded before the Supreme Court issued Blakely, the court will not apply Blakely in a collateral, post-conviction review proceeding.

ORDER

For the foregoing reasons, the State's summary judgment motion is GRANTED and LeClaire's Blakely claim is DENIED.

Dated at Burlington, Vermont, February 11, 2005.

_____/s/_____

4

Richard W. Norton    Judge