STATE *v.* EDWARD CLARK.

May Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed August 26, 1904.

*Criminal Law—Assault with Intent to Ravish—Age of Consent—No. 118, Acts 1898—Evidence—Tendency—Argument of Counsel.*

In a prosecution for an assault with intent to ravish a girl under the age of sixteen years, evidence tending to show the facts recited in the opinion tends to support the charge.

Because of No. 118, Acts of 1898, in a prosecution for an assault with intent to ravish a girl under the age of sixteen years, the question of her consent is immaterial.

The appearance of a witness on the stand may always be considered by the jury, and counsel may properly argue concerning it.

INDICTMENT for an assault with intent to ravish a girl under the age of sixteen years. Plea, not guilty. Trial by jury at the September Term, 1903, Washington County, *Haselton,* J., presiding. Verdict guilty; and judgment thereon. The respondent excepted.

Besides the facts stated in the opinion, the evidence of the State tended to show that respondent induced the girl to go with him to an engine house; that the assault was made there; that respondent had a bottle of intoxicating liquor and drank therefrom himself in the engine house, and passed the bottle to the girl and invited her to drink.

*M. M. Gordon* for the respondent.

No conviction can be had if the girl consented. Hughes Crim. Law Proced. § 306; *R.* v. *Cockburn,* 3 Cox. C. C. 543; *State* v. *Peckett,* 11 Nev. 255; *Reg.* v. *Roadley,* 14 Cox C. C. 463; *State* v. *Smith,* 12 Ohio 466.

*John H. Senter,* State's Attorney, for the State.

The mere submission of a child in the power of a strong man is not consent. *State* v. *Cross,* 12 Iowa 70; *Reg.* v. *Doy,* 38 E. C. L. 306; 2 Bish. Crim. Law, § 35; *Clive* v. *State,* 45 N. J. Law 47.

Under No. 118, Acts 1898, the question of consent is immaterial. *State* v. *Wheat,* 63 Vt. 673; *Davis* v. *State,* 47 N. W. Rep. 854, 34 Neb. 558; *Comer* v. *State,* (*Tex.*) 20 S. W. Rep. 547; *People* v. *Gordon,* 99 Cal. 227; *State* v. *Johnson,* 76 N. C. 211; *State* v. *Handy,* 4 Har. (Del.) 467; *State* v. *Smith,* 33 Atl. 442; *Fizell* v. *State,* 25 Wis. 368; *People* v. *McDonald,* 9 Mich. 152; *Porter* v. *People,* 158 Ill. 372; *Hanes* v. *State,* 155 Ind. 121; *State* v. *Sullivan,* 68 Vt. 543.

WATSON, J. The respondent, a person over the age of sixteen years, was tried upon an indictment charging him with assault with intent to carnally know a female person under the age of sixteen years.

The evidence tended to show that the respondent pulled the girl over, laid her down on the ground, and got on top of her; that he unbuttoned his trousers in front and after they were so unbuttoned he took her hand and tried to have her put it on his person; that he then had a knife in his hand and told her if she did not put her hand in his trousers he would kill her; and that he put his hand under her clothes. This with other evidence in the case tended to show an assault by the respondent upon the girl with intent to have sexual intercourse with her. Whether such was his intent was properly submitted to the jury.

Since the person assaulted was under the age of sixteen years, the question of her consent was immaterial. Acts of 1898, No. 118, Sec. 1; *State* v. *Sullivan,* 68 Vt. 540, 35 Atl. 479.

Counsel for the State argued to the jury regarding the girl's appearance when being examined in court, saying that "the recollection of those terrible moments down there still brings tears of shame to her face." This was held to be legitimate, to which the respondent excepted.

The appearance of a witness on the stand may always be taken into consideration by the jury. Consequently counsel may properly argue concerning it.

*Judgment that there was no error in the court below, and that the respondent take nothing by his exceptions.*