## In re Clarence Robinson

[215 A.2d 525]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*Donald Milne* for petitioner.

*Chester Ketcham,* Deputy Attorney General, for State.

**Smith, J.** The petitioner, Clarence Robinson, seeks release from the State Prison at Windsor by a Writ of Habeas Corpus. The petitioner, on January 6, 1961, in the Washington County Court, was sentenced to a term of not less than one year nor more than three years on the charge of arson; to a term of not less than one year nor more than two years on a charge of perjury, and not less than seven years nor more than ten years on a charge of statutory rape. Petitioner had pleaded guilty to each of these charges, and the sentences were to run concurrently. The petitioner, by his petition here has alleged that he was denied due process of law and equal protection of the laws, as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

In accordance with our procedure, the petitioner was brought before this Court on the return day of the petition by the Warden of the State Prison, who denied all of the allegations of the petitioner's complaint. Competent counsel was assigned by this Court to represent the petitioner and a commissioner was appointed to take testimony and report his findings. Petitioner appeared at the hearing before the Commissioner with his assigned counsel and gave testimony. The Court gave both parties a hearing on the report of the Commissioner, Hon. Franklin S. Billings, Jr., and written and oral arguments were presented.

The Commissioner found that petitioner has already served the maximum sentence for the convictions of arson and perjury. It, therefore, follows that at the time of his petition to this Court the petitioner was confined in the States Prison only on the mittimus for his conviction of statutory rape.

This fact limits our consideration only to those claims of deprivation of constitutional and statutory rights on the part of the petitioner which apply to his present imprisonment. Issuing a Writ of Habeas Corpus for the release of the petitioner on his incarceration in State

Prison for the conviction of perjury and arson would be issuing the writ in a moot case, and the writ, if granted, would be ineffectual with the petitioner no longer confined on such offenses. A Writ of Habeas Corpus will not issue under such circumstances. *In Re James Lincoln,* 202 U. S. 178. See 39 C.J.S. Habeas Corpus § 5, p. 436. With such limitation in mind we now turn to the factual situation as found by the Commissioner.

Petitioner was first arrested on November 7, 1960 and lodged in Washington County Jail on a charge of incest, with the complaint being read to him at such jail. The next day he was taken by a State Police Officer to a Fire Marshal's inquest where he was questioned under oath relative to a recent fire. At this inquest, he was not represented by counsel, nor was he informed of his constitutional rights. He was not questioned on the incest charge.

Because, as we have above stated, the petitioner is not now confined on the arson charge, it is not necessary for us to examine his claimed deprivation of constitutional rights at the inquest held by the Fire Marshal. However, we think it well to state that while a witness summoned to appear in an inquest of this nature is not entitled to be represented by counsel at such inquiry, such witness should be informed of his constitutional right against self-incrimination. *Commonwealth of Pennsylvania ex rel Alphonse LaRue, Appellant,* 417 Pa. 383, 207 A2d. 829, 833. *In Re Groban,* 352 U.S. 330, 333.

On November 9, 1961, petitioner was arraigned before the Montpelier Municipal Court on two charges of incest to which he entered a plea of not guilty. At the same time, he was served with a complaint charging him with perjury and to this complaint petitioner entered a plea of guilty. Petitioner had no counsel at this arraignment, although the finding of the Commissioner was that the Judge of the Montpelier Municipal Court offered petitioner counsel at the expense of the State. This offer was refused by the petitioner who stated that he would retain counsel of his own choice.

While petitioner claims a deprivation of both constitutional and statutory rights at the arraignment of November 9th, he is not now confined on the charge of arson to which he entered the guilty plea, nor was he ever confined in State Prison, from which he seeks release, on a conviction of incest.

On November 16th, the petitioner again appeared before the Montpelier Municipal Court. At this appearance he was represented by an attorney, retained by him, and he changed his plea of not guilty to the

two charges of incest to plea of not guilty by reason of insanity. As a result of this change of plea, the Judge of the Montpelier Municipal Court ordered the petitioner to be transferred to the State Hospital at Waterbury for observation.

While at the State Hospital, the petitioner was visited by a State Police Officer, who made such visit without the permission of petitioner's attorney. It is the petitioner's contention that the visit of such police officer was to induce him to enter a plea of guilty to the charges against him, and that such visit did induce him to enter such plea.

■ Such visit to the petitioner by the police officer, without permission of petitioner's counsel, was improper. If the petitioner had stood trial on the offenses charged, and evidence been offered against him which was obtained as a result of this conversation with the police officer, it would have had to be excluded from the case. *Crooker* v. *California,* 357, U.S. 433.

But the record before us establishes that the petitioner is now confined on a plea of guilty. It further establishes that the offenses with which he was charged at the time of the visit of the police officer, charges of incest, were nolle prossed by the State. His plea of guilty was entered to a complaint of statutory rape.

Petitioner further claims a deprivation of his statutory rights at the time he entered his plea of guilty on December 30, 1960, in that he did not waive the so-called twenty-four hour rule before entering a plea of guilty to the complaint which was served upon him on the same day.

The rule relied upon is set forth in 13 V.S.A. § 6551:

"A person need not plead to an information or indictment until twenty-four hours after being furnished a copy of the same, and the clerk of the court shall furnish such copy."

■ The obvious purpose of the statutory provision is to allow a respondent, if he so chooses, to consult counsel and to deliberate and consider what plea he should enter to the charge against him for a twenty-four hour period. A respondent without counsel should be informed of his right under this statute by the court. It is a waivable right, for the statute does not make the twenty-four hour interval between the serving of the information or indictment and the plea of the respondent mandatory, but a privilege to be exercised or not at the wish of the respondent.

In the instant case, however, the petitioner was represented by counsel at the time of entering his plea, and had been so represented for some time past. It can be presumed that counsel was aware of the provisions of the statute and would have taken advantage of the delay in pleading provided therein if he had considered it to be in the best interests of the petitioner.

In the final analysis, the claim of the petitioner seems to be that, although he was represented by counsel of his own choice, his plea of guilty was induced either by fear as a result of his conversations with the state police officer, or as a result of his ignorance or misunderstanding of the law relating to the entering of a plea of guilty on the day in which he was served with the complaint of statutory rape.

However, the findings of the commissioner, accepted by us, do not so find. Petitioner, by his attorney, advised this Court that the commissioner's report correctly stated the facts except as to finding 22, which was a finding that the judge of the Municipal court had asked the petitioner if he had anything to say before sentence was passed. It follows that the findings do not support the contentions of the petitioner and there is no occasion for us to examine it further.

Moreover, his counseled plea of guilty waived all defects that were subject to waiver. *In Re Dobson*, 125 Vt. 165, 212 A.2d 620.

*Petition for Writ of Habeas Corpus is denied.*