### State of Vermont v. James D. Bushway

[505 A.2d 660]

No. 83-346

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 6, 1985

*Robert Andres*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

*Michael H. Lipson* of *Miller, Eggleston & Rosenberg, Ltd.*, Burlington, for amicus curiae Norton.

**Allen, C.J.** The defendant, James D. Bushway, appeals from the imposition of sentence upon his conviction for sexual assault. 13 V.S.A. § 3252(1)(A). After accepting a plea of nolo contendere, the trial court sentenced the defendant to eighteen to twenty years imprisonment. Defendant claims that two errors occurred during the course of his sentencing: first, that the sentencing court was improperly influenced by the victim's emotional statement about the assault, and second, that the court erred in fashioning a sentence with the minimum and maximum terms differ-

ing only slightly. The defendant contends he is entitled to a new sentencing hearing, or, alternatively, a reduced minimum sentence. We disagree and affirm.

This Court recently held that the victim of a sexual assault may testify at the defendant's sentencing hearing under V.R.Cr.P. 32(a)(1) and 32(c)(4). *In re Meunier*, 145 Vt. 414, 418, 491 A.2d 1019, 1022-23 (1985). (In that case, as here, 13 V.S.A. § 7006, which gives victims a statutory right to testify, had not yet taken effect.) Acknowledging that holding, the defendant does not contest the victim's right to testify, but, rather, attacks the content of her testimony as inappropriate and prejudicial.

▪ Testimony by a victim is appropriate under either V.R.Cr.P. 32(a)(1), which permits the prosecutor to "present any information relevant to sentencing," or under V.R.Cr.P. 32(c)(4), which allows either party to "offer evidence specifically on any disputed factual issues," and is subject only to the constraints placed upon other testimony presented to the sentencing court. *Meunier, supra*, 145 Vt. at 418, 491 A.2d at 1023.

The defendant does not contest that the victim spoke only of her firsthand knowledge, nor question the accuracy of her statements. His attack is aimed only at the relevance of the testimony, and the prejudicial effect resulting from its highly emotional content.

▪ In fashioning a sentence, the court is called upon to consider a wide range of "relevant" information. The propensity and nature of the offender, the particular acts by which the crime was committed, and the circumstances of the offense are all relevant to the determination of an appropriate sentence. *In re Morrill*, 129 Vt. 460, 464, 282 A.2d 811, 814-15 (1971) (citing *Pennsylvania* v. *Ashe*, 302 U.S. 51, 55 (1937)); *State* v. *Cabrera*, 127 Vt. 193, 196, 243 A.2d 784, 787 (1968).

▪ In this case, the sentencing court was presented with a particularly brutal assault, involving the threatened use of a knife. The victim's description of the defendant's actions provided the court with firsthand insight into both the defendant's character and the nature of the criminal act for which the defendant was being sentenced. Her testimony was particularly useful here, because the defendant pleaded nolo contendere. The victim's statement therefore served as a valuable source of information in place of the facts which otherwise would have been brought out at trial. The statement was "relevant" within the

meaning of V.R.Cr.P. 32(a)(1), as defined by *State* v. *Cabrera, supra,* and *In re Morrill, supra.*

The defendant next contends that the emotional tenor of the victim's statement improperly influenced the trial court. While her statement was an emotional attestation of what she had experienced, it did not improperly taint the sentencing procedure. The victim expressed only those feelings which the defendant's acts had engendered in her; she did not stray into improper "unsubstantiated insinuations" about the defendant, *State* v. *Neale,* 145 Vt. 423, 436, 491 A.2d 1025, 1033 (1985), nor did she make any effort to broaden her personal statement into a community appeal. *State* v. *Rice,* 145 Vt. 25, 33, 483 A.2d 248, 253 (1984) (court abused its discretion by imposing an enhanced sentence in response to public clamor). Further, the court protected the defendant's right to a "fair and impartial hearing" by properly limiting its reliance on the victim's statement. *Id.* at 33, 483 A.2d at 252.

The defendant also contends that a twenty year maximum, eighteen year minimum sentence is inappropriate because of the slight difference between the two terms. This Court has held that a sentence with identical minimum and maximum terms is contrary to the spirit and intent of 13 V.S.A. § 7031. *In re Parent,* 125 Vt. 475, 218 A.2d 717 (1965) (per curiam). Close minimum and maximum terms have been found proper, when both are within the respective limits set by law. *Woodmansee* v. *Stoneman,* 133 Vt. 449, 461, 344 A.2d 26, 33 (1975); *In re Shequin,* 131 Vt. 111, 118, 300 A.2d 536, 540 (1973). Thus, the sentencing court did not abuse its discretion in this case.

*Affirmed.*