## State of Vermont v. Walter Thompson

[556 A.2d 95]

No. 86-490

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned.**

Opinion Filed January 6, 1989

Jane Woodruff, *Washington County Deputy State's Attorney,* Barre, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *Henry Hinton, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Barney, C.J.** (Ret), Specially Assigned. Defendant pleaded guilty to sexual assault of a girl less than sixteen years old. He now appeals the sentencing as unconstitutional because there was evidence of the factual circumstances of the criminal act presented to the judge at the sentencing hearing. Defendant did not file a motion to modify the sentence under V.R.Cr.P. 35, but instead took an appeal in accordance with V.R.A.P. 3 and 13 V.S.A. § 7401. Jurisdiction is properly before this Court.* We affirm.

Defendant was charged under 13 V.S.A. § 3252(3), which provides:

---

* 13 V.S.A. § 7401 provides for appeals by right of "all questions of law involved in any judgment of conviction . . . . " A judgment of conviction includes the sentence imposed. V.R.Cr.P. 32(b).

> A person who engages in a sexual act with another person and . . .
>
> (3) The other person is under the age of 16, except where the persons are married to each other and the sexual act is consensual;
>
> shall be imprisoned for not more than 20 years, or fined not more than $10,000.00, or both.

He entered a guilty plea under an agreement that the prosecutor would recommend a sentence of not less than three and one-half nor more than seven years of imprisonment. He waived presentence investigation. The sentencing hearing called for under V.R.Cr.P. 32 was held, complete with the presentation of evidence by both sides, examination and cross-examination of witnesses and testimony by the victim. Defendant was asked if he had anything he wanted to say and responded, "No, your Honor." The judge went on to spell out those matters presented to him that impacted on the sentence to be imposed and then sentenced defendant to not less than two years to not more than seven years imprisonment. It is from this sentence the appeal is taken.

Articulating defendant's assertion of legal error is not easy in the face of a sentence more favorable to him in its minimum aspect then the prosecutor's recommendation, which was made as promised. The remedy he seeks is a new sentencing hearing before a different judge who apparently would be barred from considering any evidence or allegation that the admitted sexual contact in this case was accompanied by force, which is not an element of the crime of sexual assault on a minor.

A reproduction of the judge's comments on defendant's sentence will clarify the issue:

> I'll explain the reason and purposes for my sentence before I announce it. I think, perhaps, the best description of what went on here came from two or three words that were related by one witness concerning the version the victim had told to her and that was that the victim had been, I think I quote, "taken advantage of," end quote and that'a precisely what happened here. She was taken advantage of — this 15-year old — while she was intoxicated and at a time when she placed herself in less than gentle company. This victim may have been somewhat out of control. She

may have had a prior history of alcohol and allegedly on the night in question, some other substance abuse, but she is without a doubt with[in] the range of individuals the statute involved here is designed to protect, with or without violence in the assault. Now, this victim may have been more mature or street-wise than her chronological age would suggest. But she still is entitled not to be treated as she was here. I believe firmly that this victim was threatened by a defendant large in size with a history of violence towards women. I think she was afraid, and I believe that if she had resisted more than she did, she could have been severely injured. I'm satisfied — convinced — that while this victim was apparently a troubled young person who exercised bad judgment in accompanying the defendant . . . under the circumstances that she did, and that, further, that her difficult home circumstances coupled with her intoxication and apparent substance abuse, triggered behaviors that some would interpret as seductive but still, that does not deprive her of the protection of the law aimed at minors. As vulnerable, psychologically and otherwise as she may have been, it did not give the defendant the right — not only to violate the law with regard to her age — but it also didn't give him the right to treat her so brutally as I'm convinced he did. Other factors I've taken into account in terms of mitigation and extenuation, if you will, and also aggravation — is that this defendant was old enough to know better. The age disparity here was substantial. This also was no big mistake. The defendant apparently appreciated that the victim was a minor before this occurred. Furthermore, there's a prior history of criminal activity. In particular, assault and situations involving women. There's a prior history of violations of probation and it's clear to me that this is the kind of case where the type of status that he should be handled in in the future when he makes his minimum, is parole and not probation. So unless there's something further, the sentence in this matter will be not less than two nor more than seven years to serve.

From this recitation defendant argues three issues: (1) that his jury trial guarantees were violated by the trial court's finding that defendant used compulsion to engage in a sexual act with the vic-

tim and the use of this finding in imposing sentence; (2) that his right to demand the cause and nature of his accusation under the Vermont Constitution was violated by the State's failure to allege the use of force in the charge against defendant for sexual assault; and (3) that proof beyond a reasonable doubt that there was compulsion used is required before it may be considered in sentencing for sexual assault.

As a preliminary matter there are certain propositions advanced by defendant that require correction before his appellate issues can be intelligibly dealt with. There are a number of statements in defendant's brief that the State elected to charge defendant with a crime involving consensual intercourse, with no use of force as a component, as opposed to charging him with an offense where force would be an element of the crime. Both aspects of that position are totally without foundation. The legislature, among others, would certainly be surprised to find that sexual assault on a minor does not involve force or aggression, see *State* v. *Bourn*, 139 Vt. 14, 17, 421 A.2d 1281, 1282 (1980), and is consensual, even though consent by a minor is not legally possible. See *State* v. *Clark,* 77 Vt. 10, 12, 58 A. 796, 796 (1904) (in a prosecution for statutory rape [precursor to sexual assault on a minor] consent is immaterial).

Defendant also argues that proof of force in the commission of this crime is a form of "enhancement" that represents an improper increase in the penalty. This is a misuse of the term "enhancement." If it were otherwise, proof of any circumstance that might persuade a judge to raise the sentence, even within the statutory range, would fall within the doctrine. This is plainly not so.

"Enhancement" is part of a statutory structure that, on proof of certain defined facts, enlarges the range of punishments available for certain criminal activity. In our law, for example, it may come into play upon proof that a defendant is being convicted other than for the first time for particular crimes.

The penalty provisions of driving with license suspended or driving under the influence of intoxicating liquor are increased by successive convictions. 23 V.S.A. §§ 674 and 1210. (Compare *State* v. *Cameron*, 126 Vt. 244, 248-49, 227 A.2d 276, 279 (1967), for the impact of that kind of "enhancement" on pleading and proof.)

■ There is a parallel in the sexual assault statutes to "enhancement" because a defendant can be charged with aggravated sexual assault. 13 V.S.A. § 3253. But it is a separate statute, not merely a penalty enhancement. That offense calls for a maximum term of 25 years, or a maximum fine of $15,000, or both. It applies to a sexual assault that involves "serious bodily injury." Such injury is defined by 13 V.S.A. § 3251 as bodily injury which creates a substantial risk of death, or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ. If the State had ignored its plea bargain and sought a sentence of more than 20 years, a fine of more than $10,000, or both, thus seeking to apply the penalty of 13 V.S.A. § 3253 to a 13 V.S.A. § 3252 violation, defendant's complaint that an "enhancement" was used would have merit. But the State did no such thing, and the issue is not present.

■ Turning to the issues that defendant raised, we note that the central underlying question is whether the trial court could properly consider evidence that defendant used force in the commission of the crime of sexual assault on a minor when force is not an element of that crime. Under Vermont's rules of criminal procedure the prosecutor is permitted to present to the court "any information relevant to sentencing." V.R.Cr.P. 32(a)(1). Perhaps the most significant case interpreting this rule is *State* v. *Bushway*, 146 Vt. 405, 407, 505 A.2d 660, 661-62 (1985), reaffirming the views expressed in *In re Morrill*, 129 Vt. 460, 464, 282 A.2d 811, 814-15 (1971), that it is appropriate and proper for a court to consider a wide range of "relevant" information in sentencing. This includes the nature and propensities of the offender, the particular acts by which the crime was committed, the circumstances of the offense and, now, the testimony of the victim. All this is to assist the trial court in arriving at a sentence appropriate to the crime that was committed and consistent with the purposes of sentencing. The sentencing court's finding that defendant used force when he sexually assaulted the victim is relevant to sentencing because it shed light on the nature of the assault and defendant's proclivities, and therefore assisted the judge in determining an appropriate sentence.

■ Defendant's first claim is that he was entitled to a jury trial on the issue that force was used in the assault. We cannot agree. There is no right to a jury determination of sentencing consideration, as opposed to elements of the offense, even where the sen-

tencing may turn on specific findings. *McMillan* v. *Pennsylvania,* 477 U.S. 79, 93 (1986).

■ Defendant's second contention, that the State must assert the use of force in its pleading under 13 V.S.A. § 3252(3), is not only waived by the guilty plea, *In re Robinson,* 125 Vt. 343, 347, 215 A.2d 525, 528 (1965), but is not required in any event. Prosecution under the statute does not stand or fall on whether there was force involved in the act of carnal knowledge with a minor. See 13 V.S.A. § 3252(3). Nor does the fact that the use of force is not an essential allegation under the statute make the evidence that force of some sort was involved irrelevant at trial or improper for consideration of sentence. On the contrary, as we have said, it is relevant to the propensities of defendant and the circumstances under which the crime was committed, all recognized as proper for the sentencing court's consideration. *Bushway,* 146 Vt. at 407, 505 A.2d at 661.

■ The final point defendant advances is that the evidence of force in this case must, if used in sentencing, be established by proof beyond a reasonable doubt. This has never been the law in this state. The procedures under V.R.Cr.P. 32 providing for full evidentiary hearing and challenge of any facts relied on by the judge for sentencing fulfill due process standards. *State* v. *Ramsay,* 146 Vt. 70, 81-82, 499 A.2d 15, 22-23 (1985); see also *McMillan,* 477 U.S. at 92 (recognizing that sentencing courts consider facts related to the crime to assist in selecting an appropriate sentence without requiring those facts to be proved beyond a reasonable doubt). No shortcoming under these proceedings appears.

*Judgment affirmed. This Court's order of June 12, 1987, dismissing the appeal is vacated.*