**STATE of Vermont v. Christopher LINCOLN**

[680 A.2d 110]

No. 96-078

May 15, 1996. We revisit the question first considered in *State v. Putnam*, 164 Vt. 558, 675 A.2d 422 (1996), whether Judge Theresa DiMauro should be disqualified from cases involving officers from the state police barracks at Rockingham, where her husband, Trooper DiMauro, works. Defendant sought Judge DiMauro's disqualification on the grounds that Sergeant L'Esperance, the key state witness against defendant, is Trooper DiMauro's supervisor at the Rockingham barracks. Judge DiMauro referred the disqualification motion to the administrative judge, who denied the motion. We reverse.

In January 1995, Sergeant L'Esperance stopped for speeding a car in which defendant was travelling as a passenger. After recognizing the driver as a possible burglary suspect, and detecting the odor of marijuana, L'Esperance told the driver that he intended to apply for a warrant to

search the vehicle. L'Esperance then sought and received the driver's consent to search the vehicle. The search revealed a small blotter wrapped in plastic in a wallet belonging to defendant. The blotter tested positive for LSD. Defendant was later charged with knowing and unlawful possession of LSD, in violation of 18 V.S.A. § 4232(a)(1).

Judge DiMauro's husband, Vincent DiMauro, is a uniformed state police officer assigned to the Rockingham barracks. Sergeant L'Esperance is one of the patrol commanders for the Rockingham barracks, and supervises Trooper DiMauro. As one of his duties, Sergeant L'Esperance helps prepare written performance evaluations of Trooper DiMauro. Trooper DiMauro himself has no connection to this case, nor is there any evidence that Judge DiMauro has any relationship with the officers involved in the case.

In *Putnam*, we noted that the defendant presented a "sparse factual record" in support of the motion to disqualify, and refused to adopt a per se rule requiring Judge DiMauro's disqualification in every case involving officers from the Rockingham barracks. 164 Vt. at 559, 561, 675 A.2d at 423, 424. We emphasized that none of the officers involved in that case had "a supervisory relationship over [Trooper DiMauro]," *id.* at 559, 675 A.2d at 423, and that we knew little about the likely interaction between those officers and Trooper DiMauro. In this case, however, we need not "speculate on the inner workings" of the Rockingham barracks, *id.* at 564, 675 A.2d at 426, because we know not only that Trooper DiMauro and Sergeant L'Esperance work together, but also that Sergeant L'Esperance supervises Trooper DiMauro.

Judges subject to disqualification motions are accorded a "presumption of honesty and integrity," and we give discretion to the administrative judge for the trial courts in deciding disqualification issues.

*Id.* at 561, 675 A.2d at 424; *Ball v. Melsur Corp.*, 161 Vt. 35, 39-40, 633 A.2d 705, 709-10 (1993). We review the administrative judge's decision for abuse of discretion, and will reverse only "'if the record reveals no reasonable basis for the decision.'" *Putnam*, 164 Vt. at 564, 675 A.2d at 426 (quoting *Ball*, 161 Vt. at 40, 633 A.2d at 710).

Despite the deference we accord the administrative judge, in this case we conclude that he abused his discretion in denying the disqualification motion. The existence of a supervisory relationship between Trooper DiMauro and the witness in this case is enough that Judge DiMauro's "impartiality might reasonably be questioned." Code of Judicial Conduct, A.O. 10, Canon 3E(1). Sergeant L'Esperance evaluates Trooper DiMauro's work performance, and thus has a substantial influence over Trooper DiMauro's professional success. Based on the facts in the record, any evidentiary issues raised by defendant would turn on the credibility of Sergent L'Esperance. A reasonable person who "know[s] and understand[s] all the relevant facts" would question the impartiality of a judge under these circumstances. *Putnam*, 164 Vt. at 563, 675 A.2d at 425; see *Buchanan v. Buchanan*, 587 So. 2d 892, 896-97 (Miss. 1991) (if judge has close relationship with son-in-law, and son-in-law has been under substantial influence and tutelage of witnesses at custody hearing, and those witnesses have substantial role to play in son-in-law's professional future, court cannot say as matter of law that objective observer would not reasonably question judge's impartiality).

*Reversed.*

**Gibson, J.,** dissenting. Because I do not believe that defendant has made "a clear and affirmative showing of bias or prejudice," which we held to be required for a finding of abuse of discretion in *Ball v. Melsur Corp.*, 161 Vt. 35, 40, 633 A.2d 705, 710 (1993), I respectfully dissent.

In *Ball*, we acknowledged that the proper standard for evaluating a recusal motion is whether the trial judge's "'impartiality might reasonably be questioned.'" *Id.* at 39, 633 A.2d at 709 (quoting Code of Judicial Conduct, A.O. 10, Canon 3C(1) (now codified at A.O. 10, Canon 3E(1)). But we also recognized that recent procedural reforms vested authority for making this initial determination in the administrative judge, to exercise within his or her sound discretion. *Id.* at 40, 633 A.2d at 710; see V.R.C.P. 40(e) & V.R.Cr.P. 50(d). Consequently, we held that "[o]n review this Court will disturb such a ruling only if there has been an abuse of discretion, that is, if the record reveals no reasonable basis for the decision." *Ball*, 161 Vt. at 40, 633 A.2d at 710. We also concluded that, as a prerequisite to our finding an abuse of discretion on the part of the administrative judge, "[a] party seeking a trial judge's recusal must make a clear and affirmative showing of bias or prejudice." *Id.*

In the instant matter, the administrative judge found, based on a stipulation of facts offered by the parties, that Sergeant L'Esperance serves as one of three patrol commanders who supervise the troopers, including Trooper DiMauro, assigned to the Rockingham barracks. The administrative judge was unable to conclude from this lone stipulated fact that Judge DiMauro's impartiality might reasonably be questioned, nor was the administrative judge inclined to supply the "conjecture and speculation" necessary to support recusal in this matter. This Court is not authorized to consider the evidence de novo, but rather accords deference to the administrative judge's determination. Given our deferential standard of review, and the presumption of honesty and integrity that we accord to our trial judges, see *id.* at 39-40, 633 A.2d at 709-10, I am unable to conclude that defendant has "ma[d]e a clear and affirmative showing

of bias or prejudice" that warrants Judge DiMauro's recusal. Accordingly, I dissent.