2007 VT 45

**STATE of Vermont v. William KIMMICK**

[928 A.2d 489]

No. 05-188

¶ 1. May 24, 2007. Defendant William Kimmick appeals his sentence imposed following a contested sentencing hearing in the district court. Defendant alleges the court erred in: (1) permitting victim-impact testimony by unsworn witnesses; (2) permitting a nonvictim to testify as a victim; and, (3) imposing a sentence in which the effective minimum and maximum terms are, after taking into account the effect of good-time credit, the same. We affirm.

¶ 2. On November 23, 2004, defendant pleaded guilty to voluntary manslaughter of his ex-wife. The plea agreement contained no agreed-upon sentence; rather, the parties stipulated that each could argue for a particular sentence at a contested hearing. Under the terms of the agreement, defendant waived his right to appeal a "lawfully-imposed sentence."

¶ 3. At the final status conference, the district court noted that there was a legal question as to whether family members were required to make their statements under oath. Accordingly, the court asked defense counsel directly whether there were any objections to the family members making unsworn statements; defense counsel did not object. At the sentencing hearing, the district court indicated that victim-impact testimony should be confined to matters of opinion on the sentence and should not include assertions of fact. The court instructed that defense counsel could request the witnesses be sworn in at any time if they began to present factual information. At no time during the unsworn victim-impact testimony did defense counsel raise an objection or request that a witness be sworn in.

¶ 4. During the sentencing hearing, a witness from the Department of Corrections (DOC) testified as to the good-time credit available to reduce defendant's sentence, noting that under the relevant statutory scheme, his sentence could not be reduced by good time below the minimum term set by the court. The DOC witness also testified to the effect of good-time credit on a split sentence — a sentence with a portion suspended over a probationary period — and a straight sentence — a sentence without suspended time. Three witnesses gave unsworn victim-impact testimony: the victim's mother; the victim's sister; and the victim's sister's fiance, who was also a longtime friend of the family. A state trooper was sworn in and testified as to the investigation. Four witnesses testified on behalf of defendant; all of these witnesses were sworn in.

¶ 5. In argument at the hearing, both the State and defendant supported the split-sentence option. The district court imposed a straight sentence with a minimum of fourteen and a maximum of fifteen years.

¶ 6. Defendant claims that the sentence was "imposed in an illegal manner" because the procedure was deficient, and that it is "illegal" because the minimum

and maximum sentences are effectively the same. V.R.Cr.P. 35(a). He further contends that the appeal waiver does not prevent these claims. Because we find defendant's first arguments unmeritorious, we do not reach whether the appeal waiver precludes their review.

¶ 7. Defendant first argues that, in light of his constitutional right "not [to] be sentenced on the basis of materially untrue information," it was reversible error to permit unsworn witnesses to testify at his sentencing hearing. *State v. Ramsay*, 146 Vt. 70, 78, 499 A.2d 15, 20 (1985); *State v. Chambers*, 144 Vt. 377, 383, 477 A.2d 974, 979 (1984) (requiring sentencing court to rely only on presentence investigation report information that is accurate). Because defendant did not object to the testimony at the sentencing hearing, we review the district court's decision for plain error only. *State v. Yoh*, 2006 VT 49A, ¶ 36, 180 Vt. 317, 910 A.2d 853. A court commits plain error "'where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights.'" *State v. Oscarson*, 2004 VT 4, ¶ 27, 176 Vt. 176, 845 A.2d 337 (quoting *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993)).

¶ 8. Defendant bases his claim of plain error on the severity of his sentence and on the pretrial information presented by the witnesses. We do not find plain error on these bases. Defendant cannot demonstrate that the victim-impact statements lengthened his sentence, and the district court did not relate its conclusions regarding the sentence to the statements. Moreover, defendant points to no testimony that was "materially untrue." The district court gave a thorough explanation of the many factors it relied on, and defendant has not shown that he was prejudiced in any way by the factual assertions made during the victim-impact statements.

¶ 9. Defendant's second related argument is that it was plain error to permit a family friend and fiance of the victim's sister to testify. A family friend or fiance is not a "family member" under victim's-testimony statutes, 13 V.S.A. § 5301(2), and thus is not a "victim" in a homicide case. *Id.* § 5301(4). The friend, therefore, did not have a right to testify, and the court was not required to "consider any views [he] offered at the hearing." *Id.* § 5321(c). The prosecution may, however, "present any information relevant to sentencing," V.R.Cr.P. 32(a)(1), and we have held that this may include victim-impact information. See *State v. Bushway*, 146 Vt. 405, 407, 505 A.2d 660, 661 (1985); *In re Meunier*, 145 Vt. 414, 418, 491 A.2d 1019, 1022 (1985). These cases preceded the current victim's-testimony statutes and, although they involved the testimony of the victim of the crime, they are not necessarily limited to that witness only. Here, therefore, the issue is not so much the witness' familial status as it is the relevancy of his testimony.

¶ 10. Most significantly, however, defendant failed to object to allowing the friend to testify, and failed to object to any of the content of his testimony. Defendant does not argue here that any of the content of the testimony was irrelevant and inadmissible. Thus, even if there were error in the testimony of the witness, defendant has not demonstrated how that error was prejudicial.

¶ 11. Defendant's third argument is that the district court's sentence is illegal because reducing the maximum sentence through good-time credits under 28 V.S.A. § 811* makes the effective maxi-

---

* Except as otherwise noted, all statutes referenced herein are those in force on April 28, 2005.

mum and minimum sentences the same, in violation of 13 V.S.A. § 7031. Under 13 V.S.A. § 7031(a), the district court must establish a maximum sentence in accordance with the maximum term fixed by law for the offense and may establish a minimum term that shall not be less than the minimum term fixed by law for the offense. Section 7031(a) also directs that "the court imposing the sentence shall not fix the term of imprisonment." We have construed the statute as prohibiting "a sentence with the same maximum and minimum terms of confinement." *State v. Bruley*, 129 Vt. 124, 130, 274 A.2d 467, 471 (1970). Defendant argues that we should extend the *Bruley* holding to cases where the minimum and maximum imprisonment sentences are not identical when imposed, but become so as a result of good-time credit.

¶ 12. In construing statutes, this Court looks first to the language of the statute to determine whether the meaning is plain. *In re Margaret Susan P.*, 169 Vt. 252, 262, 733 A.2d 38, 46 (1999). If the plain language of the statute is clear and "resolves the conflict without doing violence to the legislative scheme we are bound to follow it." *State v. Baron*, 2004 VT 20, ¶ 6, 176 Vt. 314, 848 A.2d 275 (citations and quotation omitted). If the words of the statute do not provide sufficient guidance to ascertain legislative intent, however, we look to the statute's "subject matter, its effects and consequences, and the reason and spirit of the law" for meaning. *State v. Thompson*, 174 Vt. 172, 175, 807 A.2d 454, 458 (2002).

¶ 13. The language of 13 V.S.A. § 7031 clearly mandates that a court may not fix the term of a sentence by imposing minimum and maximum sentences that are the same. See *State v. Lambert*, 2003 VT 28, ¶¶ 17-18, 175 Vt. 275, 830 A.2d 9 (applying 13 V.S.A. § 7031 and reversing sentence where court "specifically attempted to establish a minimum equal to

the maximum term" by imposing a sentence of not less than twenty-four months or more than two years); *Bruley*, 129 Vt. at 130, 274 A.2d at 471 (finding trial court without authority to impose a sentence of "not more or less than nine months"). A sentence is not fixed as long as the maximum and minimum terms are not identical. See *Woodmansee v. Stoneman*, 133 Vt. 449, 461, 344 A.2d 26, 33 (1975) (affirming sentence of "not more than seven nor less than six years" over defendant's objection that minimum and maximum terms violated statute's prohibition on fixed terms); *Bushway*, 146 Vt. at 408, 505 A.2d at 662 (affirming sentence with maximum of twenty years and minimum of eighteen years).

¶ 14. The district court's sentence meets the statutory requirements. The sentence is not fixed because, even though the difference between the maximum and minimum terms is slight, the terms are not identical. See *Woodmansee*, 133 Vt. at 461, 344 A.2d at 33 (affirming sentence with difference of one year between maximum and minimum terms). For several reasons, we conclude that the effect of good time does not change this rule.

¶ 15. First, § 7031(a) does not specify that the sentencing judge must take good-time credit into account when imposing the maximum and minimum terms of a sentence. The statute simply requires that at the time of sentencing the maximum and minimum terms imposed be different. The district court followed the statute's directive in imposing a sentence of fourteen to fifteen years. Nothing in 13 V.S.A. § 7031(a) suggests that a judge must take 28 V.S.A. § 811, the statute governing good-time credit when defendant was sentenced, into account when imposing the sentence, and, in the absence of any clear legislative intent to impose such a requirement, we will not read one in. *State v. O'Neill*, 165 Vt. 270,

275, 682 A.2d 943, 946 (1996) ("It is inappropriate to read into a statute something which is not there unless it is *necessary* in order to make the statute effective.").

¶ 16. Second, even if the language of the statute were ambiguous, the DOC's sentence computation is performed after the sentencing and, consequently, is not part of the limitations on sentencing under 13 V.S.A. § 7031(a). This conclusion is supported by 13 V.S.A. § 7044, which requires the Commissioner of Corrections to provide the court with a computation of the shortest and longest possible sentences — taking into account good-time credit under 28 V.S.A. § 811 — within thirty days *after* the sentence is imposed. To hold that courts must compute good-time credit prior to sentencing would require a sentencing expert to testify at each sentencing hearing. We do not find such a result to have been clearly intended by the Legislature.

¶ 17. Third, good-time sentence reductions must be earned through faithful observation of "all the rules and regulations of the institution to which the inmate is committed." 28 V.S.A. § 811(a). At the time the court imposes a sentence, a defendant has not earned any good time and may, in fact, never actually earn any. Defendant claims that with the passage of Act 63 the award of good-time credit is no longer dependent on an inmate's behavior; rather, the time is awarded prospectively in a lump sum. See History Notes, 28 V.S.A. § 811 (Cum. Supp. 2006) (setting forth Act 63 which requires, for prisoners sentenced before June 30, 2005, the prospective award of all good-time credit "to which th[e] inmate would potentially be entitled in the future" in a lump sum on July 1, 2005). In this case, defendant argues, Act 63 effectively fixes the term of his sentence contrary to § 7031(a). Initially we note, as discussed above, that nothing in § 7031(a)

requires a judge to take into account the effect of good-time credit at sentencing. Defendant's Act 63 argument also fails, however, because the Legislature had not passed Act 63 at the time defendant was sentenced on April 28, 2005, and thus, it does not apply to him.

¶ 18. Fourth, we conclude that the former 28 V.S.A. § 811, not 13 V.S.A. § 7031, is the controlling statute here. In 2000, the Legislature adopted a truth-in-sentencing law that changed the rules for deducting good-time credit from a prisoner's sentence as of July 1, 2000. 1999, No. 127 (Adj. Sess.); *Ladd v. Gorczyk*, 2004 VT 87, ¶ 4, 177 Vt. 551, 861 A.2d 1094 (mem.). Under the pre-2000 rules, good-time credit was deducted from the maximum and the minimum terms. See 28 V.S.A. § 811(a) (2000) ("Each inmate ... shall earn a reduction ... in the minimum and the maximum terms . . . ."). After the new law passed, good-time credit could be deducted only from the maximum term. 1999, No. 127 (Adj. Sess.), § 1. In addition, the Legislature added a subsection — subsection (g) — dealing explicitly with the situation before us: "In no case shall the reductions to an inmate's sentence as provided for in this section result in the inmate's maximum sentence being less than the inmate's minimum sentence." *Id.* Rather than requiring that maximum sentences remain higher than minimums, the statute requires only that the maximum not become less than the minimum because of good time.

¶ 19. This case demonstrates why this provision is central to the statutory scheme and controls. The major change brought about by the 2000 amendment was to eliminate any effect of good-time reductions on the minimum sentence. In this case, however, where defendant's maximum sentence was set at the statutory maximum under 13 V.S.A. § 2304, accepting defendant's argument would

require that the minimum sentence be reduced to keep the effective maximum and minimum terms different. The clear legislative intent was that the minimum term not be reduced because of good time, exactly the effect of accepting defendant's argument.

¶ 20. For these reasons, defendant's sentence of fourteen to fifteen years was not inconsistent with the statutes in effect at the time of his sentencing and is therefore lawful.

*Affirmed.*