*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2012-217

MARCH TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| David C. Boglioli | } | DOCKET NO. 1070-8-08 Wmcr |

Trial Judges: Amy M. Davenport
Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Defendant appeals the denials of his motions to disqualify the presiding judge and for sentence reconsideration.  Defendant argues that the administrative judge abused her discretion by denying the motion to disqualify and by precluding discovery on the motion.  He also contends that the trial court abused its discretion in denying his motion for sentence reconsideration by not properly considering mitigating factors.  We affirm.

Following a conviction of voluntary manslaughter, defendant received a sentence of ten to fifteen years.  This Court affirmed.  <u>State v. Boglioli</u>, 2011 VT 60, 190 Vt. 542 (mem.).  Thereafter, in September 2011, defendant filed a motion for sentence reconsideration.  See V.R.Cr.P. 35(b).  Before considering the motion, the presiding judge disclosed that her husband had, since the trial, become of-counsel at the same law firm where the Windham County State's Attorney's husband was also of-counsel.  The judge expressed that the two attorneys had no financial ties to each other and that she did not believe the situation presented grounds for recusal.  In January 2012, defendant moved to disqualify the judge, asserting that such disqualification was mandatory because her "impartiality might reasonably be questioned." Vermont Code of Judicial Conduct, A.O. 10, Canon 3E(1).  Defendant served subpoenas duces tecum on the law firm, the judge's husband, and the State's Attorney's husband seeking information about the financial arrangement at the firm.  The firm moved to quash the subpoenas and attached an affidavit from a firm officer and shareholder averring that the two husbands were paid a flat salary by the firm and did not profit from the other's work.  The trial judge referred the motions to the administrative judge.

In March 2012, the administrative judge denied the motion to disqualify and dismissed the motion to quash as moot.  The administrative judge concluded that there was no connection between the husbands' relationships to the same firm and the case or the trial judge's role in the case.

The trial judge then held a hearing on the motion for sentence reconsideration.  The court issued a written order denying that motion.  The court concluded that defendant's current health needs did not provide a basis for reconsideration because those issues arose after sentencing, and

that the mitigating factors highlighted by defendant had been considered and did not warrant a change in the sentence. Defendant appeals.

Defendant first argues that the administrative law judge abused her discretion in precluding further discovery on the motion to disqualify, and in denying his motion to disqualify the presiding judge. The Vermont Code of Judicial Conduct provides that a judge should disqualify herself when her "impartiality might reasonably be questioned." A.O. 10, Canon 3E(1). "This standard is met whenever a doubt of impartiality would exist in the mind of a reasonable, disinterested observer." Ball v. Melsur Corp., 161 Vt. 35, 39 (1993) (quotation omitted). We accord judges subject to disqualification motions "a presumption of honesty and integrity." In re Margaret Susan P., 169 Vt. 252, 256 (1999) (quotation omitted). When a judge declines to recuse herself, she must refer the matter to the administrative judge without ruling on the motion. V.R.Cr.P. 50(d)(3). The administrative judge has discretion in deciding the issue and "will be reversed only if the judge has abused his [or her] discretion such that no reasonable basis exists for the decision." In re Margaret Susan P., 169 Vt. at 256.

We begin with the question of the subpoenas. Defendant sought information from the trial judge's husband's law firm regarding the extent to which the judge's husband, as of-counsel at the firm, profited from the success of the State's Attorney's husband, another of-counsel. In response, the firm moved to quash. The administrative judge dismissed the motion to quash as moot concluding that no further discovery on this financial information would alter the disposition of the motion to disqualify. We agree. The whole point of the subpoenas was to gain more information about a possible financial connection between the husbands. However, even assuming that some financial benefit could accrue to the judge's husband based on the success of the State's Attorney's husband, this fact would not affect the motion to disqualify. The possible financial link between the judge's husband and the State's Attorney's husband, even if proven, provided an insufficient basis to disqualify the judge because it was not connected to the current litigation. No one at that firm was involved in this case. Further, the success of the trial judge's husband and the State's Attorney's husband could not be influenced in any manner by this litigation. There was simply no connection between any profit sharing and the bias alleged in this case.

On the substance of the motion to disqualify, we conclude that the administrative judge did not abuse her discretion. Defendant relied on State v. Lincoln, 165 Vt. 570 (1996) (mem.) (per curiam), in which this Court concluded that a judge was disqualified from hearing a case where the key witness was a police officer who was the judge's husband's supervisor. Because the case turned on the credibility of the supervisor as a witness in the case, this Court concluded that the supervisory relationship between the witness and the judge's husband was enough for a reasonable person to question the impartiality of the judge. Id. at 571. Quoting a case we cited favorably in Lincoln, defendant asserts that here "both husbands 'possess substantial powers to affect and enhance' each other's professional futures, which might cause an objective observer to question Judge Carroll's impartiality." The administrative judge distinguished Lincoln on several grounds. Unlike Lincoln, here the connection between the husbands is not related to this case. One would have to assume that the success of the State's Attorney's Office[1] would somehow impact the success of the State's Attorney's husband who would in turn help the judge's husband. This possible link is too attenuated for a reasonable person to question the judge's impartiality.

---

[1] All of the evidence indicates that a Deputy State's Attorney handled the State's response to the motions for sentence reconsideration and to disqualify. The analysis would not change, however, even if the State's Attorney was directly involved in this case.

2

Even in cases where a judge's spouse has a closer connection to the case, courts have not required recusal based on allegations that the connection creates an appearance of impropriety. See In re Billedeaux, 972 F.2d 104, 106-07 (5th Cir. 1992) (concluding, where judge's spouse was affiliated with firm that had represented defendant, judge's interest, if any, was "too remote and speculative to support or suggest recusal"); Adair v. Dep't of Educ., 709 N.W.2d 567, 581 (Mich. 2006) (concluding no appearance of impropriety and denying motion to disqualify where justices' spouses were employed by state attorney general but not involved in case or in supervisory role over attorneys in case). Here, the alleged interest is even more remote. The trial judge's husband was employed at the same firm as the State's Attorney's husband, but neither attorney nor their firm was involved in the case before the court or had represented the defendant in the past. The administrative judge properly exercised her discretion in denying the motion.

Next, defendant claims that the trial court erred in denying his motion for sentence reconsideration. We apply a well-established standard of review in sentence reconsideration cases. We accord the trial court wide discretion in determining what factors to consider, and we review the denial of a motion for sentence consideration for an abuse of that discretion. State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.); see 13 V.S.A. § 7042; V.R.Cr.P. 35. "The purpose of sentence reconsideration is to give the district court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." King, 2007 VT 124, ¶ 6 (quotation omitted).

The basic facts underlying defendant's conviction are relevant. See Boglioli, 2011 VT 60, ¶¶ 2-3. The victim was defendant's neighbor, and had a history of tormenting defendant. Defendant testified he was afraid of the victim. On the day of the shooting, defendant took out his garbage and brought a gun with him. He encountered the victim, who had an axe. Defendant pulled the trigger and fatally shot the victim. Defendant was charged with second-degree murder and raised self-defense. The jury convicted on the lesser-included offense of voluntary manslaughter. At sentencing, the State recommended a sentence of twelve to fifteen years. Defendant requested a two-to-five-year sentence, all suspended but fourteen months to serve. The court imposed a sentence of ten to fifteen years. The court took into account the victim's provocation of defendant and defendant's lack of a criminal record, but also found the force defendant used was excessive and that defendant could have prevented conflict. The court also considered defendant's lack of remorse. The court rejected defendant's recommended sentence as devaluing the taking of a human life.

Defendant first contends that he should be afforded leniency in his sentence because he was not the aggressor in the altercation with the victim. The trial court considered the victim's provocation in its original sentencing decision and declined to alter the sentence following defendant's motion, noting that the jury concluded defendant did not act in self-defense. On appeal, defendant contends that the court failed to understand his argument. While the jury found that he did not act in self-defense, defendant asserts that this would not be inconsistent with a finding that he was not the original aggressor and that he was provoked. There was no error on this point. At sentencing, the court acknowledged that the victim had provoked defendant and took this into account. The court did not abuse its discretion in concluding that no further sentence reduction was warranted on this basis.

Defendant also claims that some of the factors that the court found were aggravating were simply elements of the crime and should not have been held against him. Defendant cites the court's consideration of the facts that the killing was not justified and excessive force was used. Defendant also claims that it was improper for the court to consider defendant's actions in

choosing not to move and going to the trash dumpster that day because he was entitled to do those things. The court's reference to defendant's decisions not to move and to go to the dumpster that day were part of its assessment that defendant could have prevented conflict with the victim, and were not improper. Further, it was not error for the court to consider facts about the crime in arriving at an appropriate sentence. The sentence was within the statutory maximum so the court was not using aggravating factors to enhance or deviate from the statutory sentence. See State v. Thompson, 150 Vt. 640, 644 (1989) (explaining that circumstances that persuade judge to raise the sentence within statutory range are not enhancements). Rather, the court was considering defendant's history and character, and the facts of the crime in its sentencing decision, which was entirely appropriate. Id. at 645 (explaining that sentencing court may properly consider, among other things, "the nature and propensities of the offender, the particular acts by which the crime was committed, [and] the circumstances of the offense").

Finally, defendant asserts that the court failed to reweigh the mitigating factors such as the victim's history of tormenting and provoking defendant, and defendant's lack of a criminal record. The court considered the victim's provocation and defendant's lack of a criminal record in its original sentencing decision. The court declined to further reduce defendant's sentence. Defendant fails to demonstrate that the original sentence was not the product a thoughtful and careful consideration of the circumstances and that the court abused its discretion in denying further sentence reduction on this basis. See King, 2007 VT 124, ¶ 6 (purpose of sentence reconsideration is to view sentence factors without emotion of trial and trial court has wide discretion in determining factors to consider at sentence reconsideration).

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

4